Argued and submitted November 4, order of the Court of Appeals affirmed and case remanded to the Court of Appeals for further proceedings December 23, 1993

Robert GARGANESE;
North American Enterprises, Inc.;
Nutrityme of Utah, Inc.;
Nutrityme of New England, Inc.;
Nutrityme of New York, Inc.;
and V.I.P., Inc.,
*Respondents on Review,*

*v.*

OREGON DEPARTMENT OF JUSTICE,
*Petitioner on Review.*

(CC 9204-02886; CA A75892; SC S39946)

864 P2d 364

Jas Adams, Assistant Attorney General, Salem, argued the cause for petitioner on review. On the petition were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem.

Robert A. Shlachter, Portland, argued the cause for respondents on review. With him on the response were Deborah W. Kirchwey, and Stoll Stoll Berne & Lokting, P.C., Portland, and Alan B. Pick, Los Angeles, California.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a proceeding under Oregon's Unlawful Trade Practices Act (Act). ORS 646.605 *et seq.* After a hearing on plaintiffs' (NAE)[1] petition to set aside or modify an investigative demand, the circuit court required plaintiffs to comply with Department of Justice's (DOJ) investigative demand issued pursuant to ORS 646.618(1).[2] The DOJ petitions for review of a Court of Appeals' "order determining jurisdiction," which held that the Court of Appeals had jurisdiction over an appeal from the circuit court decision. The issue is whether the Court of Appeals correctly determined that it had jurisdiction to review the circuit court's decision. For the reasons that follow, we agree that it did.[3]

NAE operates a telemarketing business headquartered in Nevada. In 1992, after receiving complaints from Oregon consumers, DOJ began an investigation of NAE's telemarketing practices. DOJ notified NAE that a complaint would be filed if the matter was not satisfactorily resolved.[4] NAE agreed to stop telemarketing in Oregon pending DOJ's investigation and to provide certain information to DOJ. DOJ agreed to delay filing a complaint. Thereafter, DOJ served an investigative demand on NAE pursuant to ORS 646.618(1), seeking information, including NAE's Oregon customer list.

---

[1] Plaintiffs include Robert Garganese, North American Enterprises, Inc. (NAE), Nutrityme of Utah, Inc., Nutrityme of New England, Inc., Nutrityme of New York, Inc., and V.I.P., Inc. In this opinion, they are referred to collectively as "NAE."

[2] ORS 646.618(1) provides:

"When it appears to the prosecuting attorney that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by ORS 646.607 or 646.608, the prosecuting attorney may execute in writing and cause to be served an investigative demand upon any person who is believed to have information, documentary material or physical evidence relevant to the alleged or suspected violation. The investigative demand shall require such person, under oath or otherwise, to appear and testify, to answer written interrogatories, or to produce relevant documentary material or physical evidence for examination, at such reasonable time and place as may be stated in the investigative demand, or to do any of the foregoing, concerning conduct of any trade or commerce which is the subject matter of the investigation."

[3] The Court of Appeals determined only that it has jurisdiction to consider NAE's appeal from the circuit court judgment; it has not considered the appeal on its merits.

[4] ORS 646.632(2) provides in part that, before filing an action under the Unlawful Trade Practices Act, "the prosecuting attorney shall in writing notify the person charged of the alleged unlawful trade practice and the relief to be sought."

NAE petitioned the circuit court to have DOJ's investigative demand set aside or modified. *See* ORS 646.618 (2) (authorizing procedure).[5] After a hearing, the circuit court ordered NAE to comply with DOJ's investigative demand.

NAE then petitioned for mandamus in this court, and appealed to the Court of Appeals under ORS 19.010(4). This court denied the petition for mandamus. DOJ filed a motion in the Court of Appeals seeking a determination of whether the decision being appealed was appealable under ORS 19.010(4). DOJ argued that the circuit court's decision was not appealable under ORS 19.010(4), because the procedure for challenging an investigative demand under ORS 646.618(2) is not a "special statutory proceeding," as that term is used in ORS 19.010(4). NAE argued that the Court of Appeals had jurisdiction under ORS 19.010(4) or, in the alternative, that jurisdiction was appropriate under ORS 19.010(2)(a).[6]

The Court of Appeals concluded that the circuit court decision was appealable. We allowed DOJ's petition for review.

On granting review, this court asked the parties to address the issue whether the Court of Appeals' order in this case is a "decision" of the Court of Appeals that is reviewable by this court pursuant to ORS 2.520.[7] NAE argues that, generally, an order of the Court of Appeals denying a motion to dismiss an appeal is not a "decision" reviewable by this

---

[5] ORS 646.618(2) provides:

"At any time before the return date specified in an investigative demand, or within 20 days after the demand has been served, whichever period is shorter, a petition to extend the return date, or to modify or set aside the demand, stating good cause including privileged material, may be filed in the appropriate court."

[6] ORS 19.010(2) provides in part:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

[7] ORS 2.520 provides:

"Any party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for review within 35 days after the date of the decision, in such manner as provided by rules of the Supreme Court."

court, citing *Tjernlund and Tjernlund*, 275 Or 483, 485, 551 P2d 445 (1976) (Court of Appeals order denying motion to dismiss in domestic relations case was not reviewable). However, in *Oregon Business Planning Council v. LCDC*, 290 Or 741, 743-44 n 5, 626 P2d 350 (1981), this court clarified *Tjernlund* and created an exception to its ruling in cases involving issues of sufficient public importance to justify this court's consideration before the Court of Appeals has an opportunity to decide the underlying appeal on its merits. *See Oregon Peaceworks Green, PAC v. Sec. of State*, 311 Or 267, 270 n 2, 810 P2d 836 (1991) (allowing interlocutory review because of the public importance of the issue); *1000 Friends of Oregon v. Bd. of Co. Comm.*, 284 Or 41, 44-45, 584 P2d 1371 (1978) (explaining the process of discretionary review and the burden on the party seeking review).

■   We consider the issue presented in this case to be of sufficient public importance to justify this court's consideration of it at this stage of the proceedings. The Court of Appeals' order here allows an entire class of trial court decisions to be appealed and potentially involves every investigative demand issued by DOJ under ORS 646.618(1). We proceed, therefore, to consider the merits of DOJ's challenge to the Court of Appeals' determination that it had jurisdiction to review the circuit court's decision.

■   To determine whether the legislature intended ORS 19.010(4) to provide for an appeal of a circuit court decision in these circumstances, we first look to the text and context of the statute. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (setting forth methodology for statutory construction). The text of ORS 19.010(4) provides:

> "An appeal may be taken from the circuit court in any *special statutory proceeding* under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding." (Emphasis added.)

The phrase "special statutory proceeding" is not defined.

This court previously has addressed the question of what proceedings qualify under ORS 19.010(4) as "special

statutory proceedings." In *State v. Threet*, 294 Or 1, 4-6, 653 P2d 960 (1982), this court traced the history of special statutory proceedings under Oregon law and concluded that a necessary attribute of a special statutory proceeding under ORS 19.010(4) is that it be a "separate judicial proceeding with clearly defined parties." One of the reasons for requiring that the judicial proceeding be separate and wholly distinct is to avoid disruption of other judicial proceedings. *Id.* at 5.

In *Dept. of Rev. v. Universal Foods Corp.*, 311 Or 537, 544, 815 P2d 1237 (1991), this court declined to reach the merits of an appeal, holding that, by its analogy to appeals in other cases from circuit courts, ORS 19.010(4) requires a final and complete determination of the matter in the special proceeding before an appeal is appropriate.

The questions in this case, therefore, are whether the procedure for challenging DOJ's investigative demand is a separate and distinct judicial proceeding, with clearly defined parties, that does not disrupt other judicial proceedings, *State v. Threet, supra,* 294 Or at 4-5, and whether the circuit court's decision enforcing DOJ's investigative demand is a "final and complete determination of the matter." *Dept. of Rev. v. Universal Foods Corp., supra,* 311 Or at 544. We answer both questions in the affirmative.

The Oregon Unlawful Trade Practices Act, ORS 646.605 *et seq,* defines unlawful trade practices and authorizes prosecutors to investigate those suspected of engaging in unlawful trade practices. A prosecutor may serve an investigative demand "upon *any person* who is believed to have information, documentary material or physical evidence relevant to the alleged or suspected violation." ORS 646.618(1). (Emphasis added.) A prosecutor who has probable cause to believe that a person is engaging in, has engaged in, or is about to engage in an unlawful trade practice also may bring an action to restrain such person from violating the Unlawful Trade Practices Act. ORS 646.632(1).

DOJ does not question that the procedure involved has clearly defined parties — DOJ and the person served with the investigative demand. DOJ argues, however, that the procedure for challenging an investigative demand, ORS 646.618(2), and the procedure for prosecuting under the Act,

ORS 646.632, should not be viewed as separate and distinct judicial proceedings. DOJ suggests that the investigative demand is a means of encouraging those under investigation to comply voluntarily with the Act and, thus, that it is merely a constituent part of DOJ's enforcement powers under the Act.

It is clear, however, that a proceeding under ORS 646.618(2) may be entirely separate from a proceeding under ORS 646.632. DOJ's authority under ORS 646.618(1) to issue investigative demands is not limited to serving the demand on a person suspected of violating the Act. For example, a person who is not under investigation for an alleged unlawful trade practice may be served with an investigative demand, because that person is "believed to have information, documentary material or physical evidence relevant to the alleged or suspected violation." ORS 646.618(1). That person could challenge the investigative demand in circuit court under ORS 646.618(2) in a proceeding that would necessarily be "separate and distinct" from a proceeding against another person under ORS 646.632 for a violation of the Act. Although the recipient of an investigative demand in many cases will be the target of the investigation, because proceedings under ORS 646.618(2) and 646.632 do not necessarily involve the same parties, that is not always the case under the statutory scheme. Because the existence of a proceeding under one of those statutes is not dependent on the existence of a proceeding under the other, we conclude that the two proceedings are separate and distinct.

DOJ argues that allowing an appeal of circuit court decisions concerning investigative demands could have the effect of interfering with the prompt prosecution of an enforcement action under ORS 646.632(1). That may be true. However, the fact that an investigative demand proceeding or an appeal from such a proceeding is underway does not appear to present any legal impediment to bringing an action under ORS 646.632. The proceedings under each statute are separate; if the prosecutor has probable cause to believe that the Act has been violated, an action may be brought under ORS 646.632(1) at any time. In situations in which the prosecutor lacks probable cause and is using the investigative demand procedure to determine whether there is evidence

that a person is violating the Act, it is possible that an action under ORS 646.632(1) might be delayed while a ruling on an investigative demand is appealed. Nevertheless, because no other judicial proceeding has been initiated under ORS 646.632 until the prosecutor has filed a complaint, the appeal does not disrupt another judicial proceeding.

The circuit court's ruling on DOJ's investigative demand terminated the proceeding under ORS 646.618(2), leaving no issue unresolved. As noted, an enforcement action prosecuted under ORS 646.632 is a separate and distinct proceeding, and not part of a proceeding under ORS 646.618. We hold that, because the circuit court's decision in this case upholding DOJ's investigative demand was a "final and complete determination," *Dept. of Rev. v. Universal Foods Corp., supra*, 311 Or at 544, in a special statutory proceeding, it was appealable under ORS 19.010(4). The Court of Appeals, therefore, correctly determined that it had jurisdiction to review the circuit court's decision.

The order of the Court of Appeals is affirmed. The case is remanded to the Court of Appeals for further proceedings.