Argued and submitted November 4, decision of the Court of Appeals and order of the circuit court affirmed December 23, 1993

# VENDALL MARKETING CORPORATION,
*Petitioner on Review,*

*v.*

# STATE OF OREGON,
# DEPARTMENT OF JUSTICE,
*Respondent on Review.*

## (CC 92-1955-E-1; CA A76681; SC S40322)

863 P2d 1263

Robert E. Bluth, of Frohnmayer, Deatherage, Pratt, Jamieson, Turner & Clarke, P.C., Medford, argued the cause and filed the petition for petitioner on review.

Jas Adams, Assistant Attorney General, Salem, argued the cause for respondent on review.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Vendall Marketing Corporation (Vendall) petitions this court for review of the Court of Appeals' decision affirming the circuit court's order that Vendall comply with an "investigative demand"[1] issued by the Oregon Department of Justice (DOJ) under the Oregon Unlawful Trade Practices Act, ORS 646.605 *et seq* (Act). *Vendall Marketing Corp. v. Dept. of Justice*, 120 Or App 537, 852 P2d 976 (1993). We affirm.

Vendall, operating out of Medford, Oregon, markets vending machines that dispense items such as candy and nuts. Vendall sells these machines in "packages" containing between 15 and 100 units, priced between $6,885 and $36,900. Each unit consists of a stand with coin-operated dispensers and a decorative cover. Vendall's promotional literature states that it offers purchasers the opportunity to purchase food products in bulk to be dispensed from the machines.[2] Vendall offers purchasers the option of having "professional locators" choose sites for the machines. Vendall also offers to provide purchasers with affiliations to charitable organizations if the purchasers agree to donate $2 per month profit per machine to the charity. Vendall's literature suggests that the connection to a charity will allow the machines to be placed for free in locations that otherwise

---

[1] ORS. 646.618(1) provides:

"When it appears to the prosecuting attorney that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by ORS 646.607 or 646.608, the prosecuting attorney may execute in writing and cause to be served an investigative demand upon any person who is believed to have information, documentary material or physical evidence relevant to the alleged or suspected violation. The investigative demand shall require such person, under oath or otherwise, to appear and testify, to answer written interrogatories, or to produce relevant documentary material or physical evidence for examination, at such reasonable time and place as may be stated in the investigative demand, or to do any of the foregoing, concerning conduct of any trade or commerce which is the subject matter of the investigation."

[2] In an affidavit, the president of Vendall stated that the company "is not and has never been involved in the business of selling products such as nuts and candies to place in vending machines. On occasions, such as now, Vendall offers as a promotional incentive coupons or a small amount of product to place in the machines at no cost to the customer." However, Vendall's promotional brochure states that "Vendall itself is also a candy supplier and our national volume discounts may allow your lowest product price."

might not allow such machines. Vendall's promotional materials state that purchasers can start up a new business with Vendall machines, can spend one weekend a month operating that business, and that "the potential for immediate return certainly is greater than with almost any other investment." The promotional materials also state that the vending machine business is an ideal family business that easily can be run from one's home, and that the business allows purchasers to keep a regular job as well.

DOJ received complaints about Vendall's trade practices. Pursuant to ORS 646.618(1), DOJ served an investigative demand on Vendall seeking lists of customers who had purchased vending machines, as well as responses to a survey that Vendall apparently had carried out at DOJ's request. That investigative demand alleged that several practices engaged in by Vendall were unlawful under ORS 646.607 and 646.608.[3] The allegations were that Vendall failed to deliver

---

[3] ORS 646.607 provides in part:

"A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person:

"* * * * *

"(2) Fails to deliver all or any portion of real estate, goods or services as promised, and upon request of the customer, fails to refund any money which has been received from the customer which was for the purchase of the undelivered real estate, goods or services and which is not retained by the seller pursuant to any right, claim or defense asserted in good faith. * * *"

ORS 646.608(1) provides in part:

"A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person does any of the following:

"* * * * *

"(c) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another.

"* * * * *

"(e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that they do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have.

"* * * * *

"(i) Advertises real estate, goods or services with intent not to provide them as advertised, or with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity.

"* * * * *

"(t) Concurrent with tender or delivery of any real estate, goods or services fails to disclose any known material defect or material nonconformity."

vending machines and coin mechanisms as promised; misrepresented income potential, product quality and delivery schedules during sales pitches; misrepresented Vendall as a member of the National Automatic Merchandising Association; misrepresented the quality of its machines; advertised its machines and coin mechanisms with intent not to supply the demand; and failed to disclose material defects in the machines.

Pursuant to ORS 646.618(2),[4] Vendall petitioned the circuit court to set aside the investigative demand. Vendall argued that its business is not governed by the Unlawful Trade Practices Act, because the Act relates only to businesses that involve certain types of "real estate, goods or services,"[5] and it does not fall within that definition. Vendall also argued that DOJ failed to establish "jurisdiction to issue an investigative demand." DOJ argued that Vendall's promotional materials make it clear that it is selling a "business opportunity" and that it is not just selling machines to pre-existing business, but is promoting its machines as allowing consumers to become financially independent.

After a hearing, the circuit ordered Vendall to produce the requested materials. Vendall appealed, and the Court of Appeals affirmed without opinion. *Vendall Marketing Corp. v. Dept. of Justice, supra.* We allowed Vendall's petition for review.

■ As an initial matter, DOJ argues that a denial of a petition to set aside an investigative demand is not an appealable order. We have held, however, that a proceeding to modify or set aside an investigative demand pursuant to ORS 646.618(2) is a "special statutory proceeding" and, thus, an

---

[4] ORS 646.618(2) provides:

"At any time before the return date specified in an investigative demand, or within 20 days after the demand has been served, whichever period is shorter, a petition to extend the return date, or to modify or set aside the demand, stating good cause including privileged material, may be filed in the appropriate court."

[5] ORS 646.605(7) provides in part:

" 'Real estate, goods or services' means those which are or may be obtained primarily for personal, family or household purposes, or which are or may be obtained for any purposes as a result of a telephone solicitation, and includes franchises, distributorships and other similar business opportunities * * *."

order entered therein is appealable under ORS 19.010(4).[6] *Garganese v. Dept. of Justice*, 318 Or 181, 188, 864 P2d 364 (1993). We proceed, therefore, to the merits of this case.

■ Vendall argues that the Department of Justice does not have "jurisdiction to issue an investigative demand" to Vendall, because Vendall's sale of vending machines does not involve acts relating to "real estate, goods or services," and that Vendall does not offer its customers "franchises, distributorships and other similar business opportunities." ORS 646.605(7). Vendall contends that DOJ "must show at least some evidence that Vendall is engaged in a business activity subject to ORS 646.607 or ORS 646.608" before it has "jurisdiction" to issue an investigative demand to Vendall.

In response, DOJ points out that this court has stated that, under ORS 646.618, the "Attorney General * * * may make an 'investigative demand' to determine whether any violation has occurred." *State ex rel Redden v. Discount Fabrics*, 289 Or 375, 382 n 6, 615 P2d 1034 (1980). Thus, it argues, DOJ need not make a showing that a violation of the Unlawful Trade Practices Act has in fact occurred or that Vendall engaged in business activity covered by the Act; the statute clearly provides that, if there is an *"alleged or suspected* violation," an investigative demand may be served on *"any* person who is believed to have information, documentary material or physical evidence." ORS 646.618(1) (emphasis added).

We begin our analysis by examining the text and context of the statute. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (setting forth method of statutory construction).

The text of ORS 646.618(1), *ante* n 1, suggests that an investigative demand may issue if it appears to a prosecuting attorney that there has been, is, or is about to be, an

---

[6] ORS 19.010(4) provides:

"An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

"alleged or suspected violation" of the Unlawful Trade Practices Act. In the present case, DOJ was aware of 39 separate customer complaints about Vendall. From that fact alone, it reasonably "appear[ed] to the prosecuting attorney," ORS 646.618(1), that Vendall might have information relevant to those "alleged" violations. That is all that the statute requires. DOJ need not make a threshold showing at the investigative demand stage that the recipient of the investigative demand, or that the entity under investigation, falls within the definition contained in ORS 646.605(7). One legitimate aim of the investigation may be to learn whether Vendall's practices are covered by the Act.

■ If DOJ has probable cause to believe the Unlawful Trade Practices Act has been violated and files an action against Vendall,[7] then Vendall may make its argument that it is not subject to prosecution under the Act because its practices do not in fact fall within the definition in ORS 646.605-(7). The investigative demand proceeding under ORS 646.618 is not the appropriate forum for deciding that question. *See Garganese v. Dept. of Justice, supra,* 318 Or at 188 (enforcement proceeding under ORS 646.632 is a separate and distinct proceeding from an investigative demand proceeding under ORS 646.618).

The only issue properly raised in this appeal is whether DOJ had the authority under ORS 646.618(1) to issue the investigative demand in this case. We hold that it did.

The decision of the Court of Appeals is affirmed. The order of the circuit court is affirmed.

---

[7] ORS 646.632(1) provides:

"A prosecuting attorney who has probable cause to believe that a person is engaging in, has engaged in, or is about to engage in an unlawful trade practice may bring suit in the name of the State of Oregon in the appropriate court to restrain such person from engaging in the alleged unlawful trade practice."