Argued and submitted December 15, 1995, reversed and remanded with
instructions March 13, 1996

## STATE OF OREGON ex rel
## Theodore R. KULONGOSKI,
## Attorney General for the State of Oregon,
### *Appellant,*

*v.*

## Dennis CUNNING, CPA,
### *Respondent.*

(9405-03071; CA A85717)

912 P2d 958

Jas. Adams, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Stephen E. Andersen waived appearance for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiff, the Oregon Attorney General, issued an investigative demand, pursuant to ORS 646.618, to defendant, a certified public accountant. The demand relates to possible conduct by defendant, arising out of his professional activities, that allegedly violates the Unlawful Trade Practices Act (UTPA). ORS 646.605 *et seq*. Pursuant to ORS 646.626, plaintiff filed a petition in the circuit court, seeking an order that defendant show cause why he should not comply with the demand. Defendant countered with a motion to quash the demand, pursuant to ORS 646.618(2), asserting that his professional activities were subject to regulation by the Board of Accountancy and, therefore, could not be the subject of a UTPA proceeding. The trial court denied plaintiff's petition, granted defendant's motion, and expressed agreement with defendant's thesis that the matter was subject to the regulatory agency's exclusive authority. Plaintiff appeals, and we reverse.

■■ Plaintiff first argues that professionals who are subject to agency regulation are not immune from the UTPA for conduct performed in their professional dealings that violates the UTPA. Second, and more basically, plaintiff contends that the applicability of the UTPA to the conduct of the recipient of an investigative demand is not subject to judicial determination at the investigative stage or in considering a "motion to quash" under ORS 646.618(2).

Plaintiff's first point is correct. *See State ex rel Frohnmayer v. Freeman*, 131 Or App 336, 343-45, 884 P2d 878 (1994), *rev den* 321 Or 137 (1995), and authorities there cited. So is his second. *Vendall Marketing Corp. v. Dept. of Justice*, 318 Or 189, 863 P2d 1263 (1993).

Reversed and remanded with instructions to order defendant to comply with investigative demand.