Argued and submitted February 11, affirmed April 26, 1982

## STATE OF OREGON,
*Appellant,*

*v.*

## DAVID GEORGE GWYTHER,
*Respondent.*

(No. 92916, CA A21335)

643 P2d 1296

Christopher D. Moore, Certified Law Student, Eugene, argued the cause for appellant. With him on the brief were J. Pat Horton, District Attorney, and David M. Nissman, Assistant District Attorney, Eugene.

David B. Mills, Eugene, argued the cause for respondent. With him on the brief was Hammons & Jensen, Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

The state appeals[1] from a circuit court order, issued pursuant to ORS 137.225, expunging defendant's 1969 third degree arson conviction.

The facts are not disputed. On August 14, 1969, defendant was convicted of third degree arson. On November 14, 1969, he was placed on probation for three years. The court also ordered that the state recover its costs and disbursements. On defendant's appeal to this court *(State v. Gwyther,* 4 Or App 473, 479 P2d 248, *rev den* (1971)), we affirmed and ordered that the state recover from defendant its costs and disbursements of $1,521.10, pursuant to former ORS 137.205 (repealed by Or Laws 1971, ch 743). Judgment on the mandate was issued March 29, 1971, and ordered that the state recover the above sum from defendant.

Defendant's term of probation was terminated, although the costs had not been paid, and the offense declared a misdemeanor, ORS 161.585(2), on April 5, 1973. Defendant was declared bankrupt on September 27, 1973. In the bankruptcy proceeding Lane County was listed as a creditor for the $1,521.10 judgment, and that debt was discharged.[2]

On May 21, 1981, defendant moved to have his conviction expunged. Over the state's objection, the court granted the motion. The sole basis for the state's objection was that defendant had not fully complied with and performed his sentence by paying the judgment. The state made no contention that the circumstances or behavior of defendant otherwise did not warrant setting aside the conviction.[3]

---

[1] The state's appeal is authorized by ORS 19.010(4). *State v. Young,* 24 Or App 5, 544 P2d 179, *rev den* (1976).

[2] The record does not reveal what part, if any, Lane County took in the 1973 bankruptcy proceeding or whether it recovered any of the $1,521.10 in that proceeding.

[3] In his affidavit in support of the motion to set aside the conviction, defendant stated that he had not been convicted of any offense during the past 10 years or charged with any crime since August 14, 1969. He also stated that he had fully complied with the sentence in that the amount owing to the state as costs and disbursements had been discharged in bankruptcy.

The "expunction" statute at issue here, ORS 137.225, provides:

"(1)  At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction.

"  * * * * *

"(3)  Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as it deems proper. If the court determines that the circumstances and behavior of the applicant from the date of conviction to the date of the hearing on the motion warrant setting aside the conviction, it shall enter an appropriate order which shall state the original arrest charge and the conviction charge if different from the original, date of charge, submitting agency and dispositon. The order shall further state that positive identification has been established by the bureau and further identified as to state bureau number or submitting agency number. Upon the entry of such an order, the applicant for purposes of the law shall be deemed not to have been previously convicted and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest resulting in the criminal proceeding.

"  * * * * * "

The statute is intended to remove the stigma associated with conviction of a crime and to give the individual another chance, so to speak, unencumbered by that stigma. *Bahr v. Statesman-Journal,* 51 Or App 177, 180, 624 P2d 664, *rev den* 291 Or 118 (1981). It thereby removes a cloud from the efforts of those persons to find employment and social acceptance and otherwise to bury the past. *State v. Hammond,* 34 Or App 893, 897, 580 P2d 556 (1978).

The state cites no legislative history, nor do we find any, indicating whether a discharge in bankruptcy of a sentence to pay costs and disbursements was intended to constitute full compliance with the sentence under ORS 137.225(1). A judgment for costs and disbursements is docketed as a judgment in a civil action and with like effect. ORS 137.180. A discharge in bankruptcy "voids any

judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged * * *." 11 USC § 524(a)(1). It is important to note that the debt here was for costs and disbursements and not a fine or restitution.[4] Whether the latter could be discharged in bankruptcy, and the effect that would have under ORS 137.225, is not before us. *See* 11 USC § 523(a)(7) (discharge in bankruptcy does not discharge an individual from any debt to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit and is not compensation for actual pecuniary loss). The state admits that the $1,521.10 judgment was discharged in 1973 by the terms of the bankruptcy adjudication.

Although not advanced by either party, we note that in any event the judgment in this case would have expired by the time of the May 21, 1981, hearing. The judgment was entered March 29, 1971. Under ORS 18.360, after a period of 10 years has elapsed, a judgment expires. Here more than 10 years elapsed between the entry of judgment and the hearing.

A statute is to be construed so as to satisfy the constitution unless no other construction is possible. *Roberts v. Mills,* 290 Or 441, 447, 622 P2d 1094 (1981); *State v. Smyth,* 286 Or 293, 296, 593 P2d 1166 (1979). We find that under these facts defendant has fully complied with and performed the sentence of the court under ORS 137.225(1). To hold otherwise would bring the statute into conflict with the purposes and objectives of the federal Bankruptcy Code, Title 11, USC, and thus make it invalid under the Supremacy Clause of the United States Constitution, Article VI, Clause 2.

In *Perez v. Campbell,* 402 US 637, 91 S Ct 1704, 29 L Ed 2d 233 (1971), the court held that a section of Arizona's Vehicle Safety Responsibility Law, providing

---

[4] The legislature appears to distinguish between costs on the one hand, and fines and restitution on the other. Under ORS 161.685, contempt proceedings may be brought against a defendant who defaults in the payment of a fine or restitution, and a potential term of imprisonment for such contempt is authorized. No such provision for contempt is made for default in the payment of costs alone.

that an unsatisfied judgment against a motorist was a ground for suspension of the motorist's license and registration even though the judgment was discharged in bankruptcy, was in conflict with the Bankruptcy Act and violated the Supremacy Clause. The court explained that deciding whether a state statute conflicts with a federal statute involves examination of not only the purpose of the state law, but also of its effect as it relates to the objectives and purposes of the federal law. Prior cases, *Kesler v. Dept. of Public Safety,* 369 US 153, 82 S Ct 807, 7 L Ed 2d 641 (1962), and *Reitz v. Mealey,* 314 US 33, 62 S Ct 24, 86 L Ed 21 (1941), to the extent that they held state law may frustrate the operation of federal law as long as the state had a legitimate purpose in mind other than frustration of the federal law, were overruled. The court stated: " 'One of the primary purposes of the bankruptcy act' is to give debtors 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' " 402 US at 648, *citing Local Loan Co. v. Hunt,* 292 US 234, 244, 54 S Ct 695, 699, 78 L Ed 1230, 93 ALR 195 (1934). The court found that "[w]hat is at issue here is the power of a State to include as part of this comprehensive enactment designed to secure compensation for automobile accident victims a section providing that a discharge in bankruptcy of the automobile accident tort judgment shall have no effect on the judgment debtor's obligation to repay the judgment creditor, at least insofar as such repayment may be enforced by the withholding of driving privileges by the State." 402 US at 643. The court declared the Arizona act constitutionally invalid and in so holding recognized the primary importance of the fresh-start doctrine of the Bankruptcy Act.

Since *Perez,* a number of cases have discussed this fresh-start doctrine in the context of challenges to state statutes. In *Grimes v. Hoschler,* 12 Cal 3d 305, 115 Cal Rptr 625, 525 P2d 65, (1974), *cert den* 420 US 973 (1975), the Supreme Court of California ruled that the revocation of a building contractor's license by the state licensing board was invalid under *Perez.* Under a state regulation, the licensing board revoked a contractor's license when he discharged his business-related loans through bankruptcy. The alleged purpose of the regulation was to protect the

health, safety and welfare of the public. The court, however, noted that under *Perez* it was necessary to consider the effect of the regulation. In *Grimes* the statute's effect was to impose additional punishment on those who chose to declare bankruptcy. In effect, the statute required a contractor to pay his bill in order to retain his license. The bankrupt was deprived of the fresh start that *Perez* mandated. The court struck down the statute, indicating that "it may still offend the purpose of Congress if its effect is to deny to debtors the benefits of the Bankruptcy Act." 12 Cal 3d at 313.

In *Handsome v. Rutgers University, etc.,* 445 F Supp 1362 (D NJ 1978), the court held unconstitutional the state university's practice of withholding students' transcripts when students were more than three months' delinquent in repaying student loans. The plaintiff had obtained a discharge in bankruptcy of her student loans. The state university, however, refused to give her a transcript. The court found this practice to contradict the fresh-start policy of the Bankruptcy Act and therefore to violate the Supremacy Clause. 445 F Supp at 1367.

In *Rutledge v. City of Shreveport,* 387 F Supp 1277 (WD La 1975), the court held that a police officer could not be fired for violating a rule that prohibited him from filing a petition in bankruptcy. The alleged purpose of the regulation was to insure a reliable and loyal police force by removing the relief that bankruptcy can bring. The theory behind the statute was that if bankruptcy were removed as an option, officers would not be tempted to incur excessive debts and therefore would not be vulnerable to temptation. The court held the regulation to be in conflict with the Bankruptcy Act's purpose of providing a debtor with " 'a new opportunity in life and a clear field for future effort.' " 387 F Supp at 1279, (quoting *Perez v. Campbell, supra,* 402 US at 648); *accord Matter of Loftin,* 327 So 2d 543 (La App 1976); *see also Henry v. Heyison,* 4 B R 437 (ED Pa 1980) (Pennsylvania's Financial Responsibility Law unconstitutional insofar as it establishes an additional eligibility requirement for license privileges not required of the general public based solely on the failure to satisfy a motor vehicle tort judgment discharged in bankruptcy); *Kayetan*

*v. License No. 37589, Class C-61,* 116 Ariz 99, 567 P2d 1228 (1977) (contractor's licensing statute providing for revocation of contractor's professional license on sole ground of personal bankruptcy and compelling satisfaction of discharged debts prior to reissuing of license frustrates purposes of Bankruptcy Act and therefore violates the Supremacy Clause); *Perkinson v. Woody,* 419 NE 2d 1306 (Ind 1981) (provision of motor vehicle act requiring satisfaction of discharged judgment for reinstatement of driving privileges unconstitutional under Supremacy Clause). The "fresh start" doctrine discussed in *Perez v. Campbell, supra,* has been codified in the Bankruptcy Code. 11 USC § 525.

In the present case, to require defendant to pay the $1,521.10 in costs and disbursements which have been discharged in bankruptcy would conflict with the Bankruptcy Code's purpose of providing a debtor with a new opportunity in life and a clear field for future effort. It would result in discrimination between defendants seeking expunction of their convictions who have paid their costs and disbursements and those who have had such costs discharged in bankruptcy.

The state argues that no conflict with the Bankruptcy Code would exist here, because defendant can petition the court for remission of the payment of costs or of any unpaid portion thereof under ORS 161.665(3) (former 161.665(4)). The state maintains, "The failure of the defendant to comply with the proper procedure [i.e., ORS 161.665(3)] should result in the court's refusal to allow expungement [sic] of the defendant's record." We do not find this argument persuasive. First, had defendant petitioned pursuant to former ORS 161.665(4) prior to September 27, 1973, any amount he was ordered to pay or any modification in the method of payment still would have been discharged in 1973. Second, ORS 161.665(3) refers to default in the unpaid portion of *amounts due.* Had defendant petitioned after September 27, 1973, the state would then require defendant to petition for a remission of the $1,521.10 judgment when it had already been discharged and thus was not an "amount due." In either case, such a construction could have the effect of requiring defendant to pay all or part of the discharged judgment in order to take

advantage of the benefits offered under ORS 137.225. To require him to pay all or a part of a debt discharged in bankruptcy in order to obtain those benefits conflicts with the purposes of the Bankruptcy Code.

We find defendant has fully complied with his sentence and is entitled to the benefits of ORS 137.225.

Affirmed.