# STATE OF OREGON,
*Respondent,*

*v.*

# LLOYD CHRISTIAN SMITH,
*Appellant.*

(91-CR-0014, 91-CR-0225;
CA A72433 (Control), A72434)
(Cases Consolidated)

843 P2d 1015

Henry J. Kaplan, Portland, argued the cause for appellant. With him on the briefs was Bennett & Hartman, Portland.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem, and Timothy Thompson, Josephine County District Attorney, Grants Pass.

Before Joseph, Chief Judge,* and Riggs and Edmonds, Judges.

EDMONDS, J.

Joseph, C. J., dissenting.

---

* Joseph, C. J., *vice* Warren, P. J.

## EDMONDS, J.

Defendant appeals from the denial, in part, of his motion for an order sealing the records of arrest and other official records arising from his prosecution. ORS 137.225.[1] We affirm.

---

[1] ORS 137.225 provides, in pertinent part:

"(1)   * * *

"(b)   At any time after the lapse of one year from the date of any arrest, if no accusatory instrument was filed, or at any time after an acquittal or a dismissal of the charge, the arrested person may apply to the court which would have jurisdiction over the crime for which the person was arrested, for entry of an order setting aside the record of such arrest. For the purpose of computing the one-year period, time during which the arrested person has secreted himself or herself within or without the state shall not be included.

"(2)   A copy of the motion and a full set of the defendant's fingerprints shall be served upon the office of the prosecuting attorney who prosecuted the crime or who had authority to prosecute the charge if there was no accusatory instrument filed, and opportunity be given to contest the motion. The fingerprint card with the notation 'motion for setting aside conviction' or 'motion for setting aside arrest record' as the case may be, shall be forwarded to the Department of State Police Bureau of Criminal Identification. Information resulting from the finger print search along with the fingerprint card shall be returned to the prosecuting attorney.

"(3)   Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as it deems proper. If the court determines that the circumstances and behavior of the applicant from the date of conviction, or from the date of arrest as the case may be, to the date of the hearing on the motion warrant setting aside the conviction, or arrest record as the case may be, it shall enter an appropriate order which shall state the original arrest charge and the conviction charge, if any and if different from the original, date of charge, submitting agency and disposition. The order shall further state that positive identification has been established by the bureau and further identified as to state bureau number or submitting agency number. Upon the entry of such an order, the applicant for purposes of the law shall be deemed not to have been previously convicted, or arrested as the case may be, and the court shall issue an order sealing *the record of conviction and other official records in the case, including the records of arrest* whether or not the arrest resulted in a further criminal proceeding.

"(4)   The clerk of the court shall forward a certified copy of the order to such agencies as directed by the court. A certified copy must be sent to the Department of Corrections when the person has been in the custody of the Department of Corrections. Upon entry of such an order, such conviction, arrest or other proceeding shall be deemed not to have occurred, and the applicant may answer accordingly any questions relating to their occurrence.

"* * * * *

"(10)   Upon motion of any prosecutor or defendant in a case involving records sealed under this section, supported by affidavit showing good cause, the court with jurisdiction may order the reopening and disclosure of any records

Defendant, a teacher, was charged with sexual abuse of a student. ORS 163.415. The prosecutor subsequently moved to dismiss that charge and then charged defendant with harassment. ORS 166.065. A jury acquitted defendant of the harassment charge and, after his acquittal, he moved for an order sealing the record of his arrest and other "official records" pursuant to ORS 137.225. The trial court initially ordered that the police reports about the criminal investigation be sealed but, on reconsideration, determined that the reports are not "official records."

Defendant makes two assignments of error: first, that the court erred in excluding the investigation reports from the order sealing his records and, second, that the court erred in granting reconsideration of its initial order, because the state's motion for reconsideration was untimely. This court has jurisdiction pursuant to ORS 19.010(4). We review for errors of law. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

■ Defendant argues that the state's motion for reconsideration was untimely under ORCP 71C.[2] Assuming without deciding that ORCP 71C applies to motions brought pursuant to ORS 137.225, we address defendant's argument.[3] The initial orders were made on June 3 and June 5, 1991. The court had inherent authority to amend its order within a reasonable time after entry if its original order

sealed under this section for the limited purpose of assisting the investigation of the movant. However, such an order shall have no other effect on the orders setting aside the conviction or the arrest record." (Emphasis supplied.)

[2] ORCP 71C provides:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D.(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

[3] ORCP 1 provides, in part:

"These rules govern procedure and practice in all circuit and district courts of this state, except in the small claims department of district courts, for all civil actions and special proceedings whether cognizable as cases at law, in equity, or of statutory origin except where a different procedure is specified by statute or rule."

ORS 136.600 provides:

"The provisions of ORS 44.150 and ORCP 39 B. and 55 E. and G. apply in criminal actions, examinations and proceedings."

exceeded its authority under ORS 137.225. *Farwest Landscaping v. Modern Merchandizing*, 287 Or 653, 658, 601 P2d 1237 (1979). The state's motion asking the court to modify its initial orders was filed on August 16, 1991, and ruled on in early November 1991. Under the circumstances, we hold that the motion was timely.

■    We turn to the issue of whether the court acted properly when it modified the initial order. The resolution of that issue depends on whether the phrase "official records" as used in ORS 137.225(3)[4] includes criminal investigation reports. When construing a statute, the intent of the legislature is to be achieved if possible. ORS 174.020. The starting point is with the language of the statute itself. *Whipple v. Howser*, 291 Or 475, 479, 632 P2d 782 (1981). ORS 137.225(3) provides that an order may issue "sealing the record of conviction and other official records in the case including the records of arrest." ORS 137.225 offers no definition of the phrase "official records."[5] Both parties offer reasonable interpretations of the phrase. Because the meaning of the phrase is not clear from the language of the statute, we conclude it is ambiguous.

When a statute is ambiguous, we examine its context and legislative history to determine the legislative intent. ORS 174.020; *Sager v. McClenden*, 296 Or 33, 672 P2d 697 (1983). When the legislature has not spoken on a particular issue, we endeavor to determine what the legislature would have done, had it considered the issue. *Clarkston v. Bridge*, 273 Or 68, 539 P2d 1094 (1975). Although the legislative history does not indicate what was intended by the phrase "official records," it does indicate that the motivating concern of the legislature was to address the effect that the record of conviction or arrest has on a person when that person seeks employment. In *State v. Gwyther*, 57 Or App 34, 37, 643 P2d 1296 (1982), we said that ORS 137.225 was intended to

---

[4] Our discussion of the phrase "official records" is limited to its use in ORS 137.225(3). We express no opinion as to the meaning of "official records" as that phrase is used in other statutes.

[5] While the phrase "official records" is used approximately 28 times in the Oregon Revised Statutes, nowhere is the phrase defined.

"remove the stigma associated with conviction [and arrest, as modified by Or Laws 1983, 740, § 17] of a crime and to give the individual another chance, so to speak, unencumbered by that stigma. It thereby removes a cloud from the efforts of those persons to find employment and social acceptance and otherwise bury the past." (Citations omitted.)

Defendant argues that excluding the investigation reports from the records to be sealed will defeat the purpose of the statute, because an employer or other agency might obtain copies, which could then adversely impact employment opportunities. However, defendant's proposed reading would require law enforcement agencies to seal reports that may have information regarding other defendants, suspects or other criminal activity. Nothing in the legislative history indicates that the legislature intended the effect of the statute to be that broad. We note that the statute does not "expunge" an arrest or conviction, nor does an order under the statute "rewrite history" and deny the occurrence of an arrest or conviction. *See State v. Langan,* 301 Or 1, 4 n 3, 718 P2d 719 (1986). Moreover, the legislature has demonstrated that, when it wants to permit expunging an entire record, it knows how to say so. *See* ORS 419.800 *et seq.*[6] In sum, we conclude that, had the legislature considered the issue, it would have limited the definition of "official records" in ORS 137.225 to exclude investigation reports.

Affirmed.

**JOSEPH, C. J.,** dissenting.

I wish I could understand what motivates the majority in its crabbed (and crabby) interpretation of ORS 137.225. It correctly reads the legislative history; it purports to understand the protective purpose of the statute; and it properly concludes that the term "official records" is ambiguous. It then interprets a protective statute harshly against a person whom it was intended to protect. Why?

It appears that the majority is concerned that too much of an official record might be sealed, with a resulting interference with police functions. I suggest that the majority try really hard to read the statute, particularly subsection (3),

---

[6] ORS 419.800 *et seq* provides for the expunction of juvenile records and defines "record" to include investigative reports. ORS 419.800(4).

which plainly authorizes the trial judge to make an appropriately narrow order. Moreover, subsection (10), which the majority quotes in its note 1 and otherwise ignores, satisfies the rest of the majority's apparent concern. Given those provisions, I can comprehend no reason to read the statute parsimoniously.

I find it rather depressing that the majority responds to defendant's timeliness argument by saying that, because it agrees with the trial judge's second order and disagrees with its first order, the trial judge exceeded his authority in making the first order and, therefore, the state's very late motion for reconsideration was timely. Thus, another cat gets skinned.