Argued and submitted September 26, 1994, affirmed March 8, 1995

## STATE OF OREGON,
### *Respondent,*
### *v.*
## DANE MULHERN BAILEY,
### *Appellant.*

(C8704-31962; CA A80781)

891 P2d 8

Paul Breed filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals a judgment finding him in contempt of court for failure to pay court costs. ORS 33.125(2). He argues that the court did not have the authority to find him in contempt. We affirm.

The facts are undisputed. On June 4, 1987, defendant was convicted of a felony and was put on probation. As part of the judgment, the court ordered defendant to pay $611.20 for court-appointed attorney fees and a $50 victim assessment. On November 1, 1990, the court revoked defendant's probation for a new felony conviction. As part of that revocation, the court imposed a prison term and ordered defendant to pay the balance of his court costs, which amounted to $334.20, after his release.[1] Defendant served 13 months and was released in November, 1991. Defendant made one payment in December, 1991, one payment in October, 1992, and no payments in 1993.

On June 24, 1993, the court issued a warrant requiring defendant to show cause why he should not be held in contempt of court for failing to pay court-ordered costs. The court held a hearing and found that "[t]he defendant has defaulted in the payment of court costs previously ordered herein." The court found that defendant's action was wilful and held defendant in contempt. He appeals, and we review for errors of law. ORS 138.220.

A court has inherent judicial power to impose remedial or punitive sanctions for contempt. ORS 33.025(1).[2] Contempt of court is defined in ORS 33.015(2) to include the following acts, if "done wilfully":

"(b)   Disobedience of, resistance to or obstruction of the court's authority, process, orders or judgments;

"* * * * *

---

[1] The $50 assessment fee, now labelled a unitary assessment, is a fine, ORS 137.290; however, ORS 137.295 provides that the unitary assessment is to be paid before the payment of other costs. Therefore, defendant satisfied the fine portion of his obligation and the only remaining amount due was for costs.

[2] ORS 33.025(1) provides:

"The power of a court to impose a remedial or punitive sanction for contempt of court is an inherent judicial power. ORS 33.015 to 33.155 establish procedures to govern the exercise of that power."

"(e)   Violation of a statutory provision that specifically subjects the person to the contempt power of the court."

Here, the court found that defendant wilfully failed to pay his court-assessed costs. That failure to pay is disobedience of a court's order and, under ORS 33.015(2)(b), contempt of court.

Defendant argues that ORS 161.685 limits the court's authority to find him in contempt for failure to pay costs. That statute provides, in part:

"(1)   When a defendant who has been sentenced or ordered to pay a fine, or to make restitution as defined in ORS 137.103, defaults in the payment thereof or of any installment, the court on motion of the district attorney or upon its own motion may require the defendant to show cause why the default should not be treated as contempt of court, and may issue a show cause citation or a warrant of arrest for the appearance of the defendant.

"* * * * *

"(6)   A default in the payment of a fine or costs or failure to make restitution or any installment thereof may be collected by any means authorized by law for the enforcement of a judgment. The levy of execution or garnishment for the collection of a fine or restitution shall not discharge a defendant confined for contempt until the amount of the fine or restitution has actually been collected."

Nothing in the text of the statute appears to limit in any way the court's authority to find a person in contempt for failure to pay costs.[3] Defendant cites *State v. Gwyther*, 57 Or App 34, 38 n 4, 643 P2d 1296 (1982), to support his contention that ORS 161.685 limits the court's authority to find him in contempt. In *Gwyther*, we said, in *dicta*:

"The legislature appears to distinguish between costs on the one hand, and fines and restitution on the other. Under ORS 161.685, contempt proceedings may be brought against a defendant who defaults in the payment of a fine or restitution, and a potential term of imprisonment for such contempt is authorized. No such provision for contempt is made for default in the payment of costs alone."

---

[3] Defendant also includes the section title, "[e]ffect of nonpayment of fines, restitution or costs." However, as provided by ORS 174.540, section titles "do not constitute any part of the law."

*Gwyther* is correct, as far as it goes. ORS 161.685 does not provide authority to find defendant in contempt for failure to pay costs. However, it does not affect the court's inherent contempt power to punish disobedience of its orders. To reach defendant's desired result would require us either to insert into ORS 161.685 a limitation on the court's power to find contempt for failure to pay costs, or to ignore ORS 33.015-(2)(b). His arguments would require statutory provisions that specifically subject a person to the contempt power before a court could use the power. Under ORS 174.010,[4] we may not take either course, and we reject such a reading of the statutes.

Affirmed.

---

[4] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."