1

Argued and submitted October 31, 1995, decision of the Court of Appeals reversed, district court order vacated in part and case remanded to the district court for further proceedings August 1, 1996

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## K. P.,
*Petitioner on Review.*

## (DC D902635M; CA A84028; SC S42148)

921 P2d 380

Marc D. Blackman, of Ransom, Blackman & Weil, Portland, argued the cause for petitioner on review. With him on the petition was Henry J. Kaplan, of Bennett & Hartman, Portland.

Pamela G. Wood, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

** Unis, J., retired June 30, 1996, and did not participate in this decision.

FADELEY, J.

Graber, J., filed an opinion concurring in part and dissenting in part.

**FADELEY, J.**

K. P. invoked the provisions of ORS 137.225 to seal the records of her misdemeanor conviction (for theft in the second degree, a Class A misdemeanor under ORS 164.045) by filing a motion entitled "Motion To Set Aside Records Of Arrest And Conviction." As is statutorily required for eligibility to make the motion, more than three years had elapsed after entry of the misdemeanor judgment against her. K. P. had successfully served the probationary sentence imposed and had not been in any further criminal difficulty.

ORS 137.225 provides in part:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction; * * *

"* * * * *

"(3)   * * * Upon the entry of such an order, the applicant for purposes of the law shall be deemed not to have been previously convicted, or arrested as the case may be, and the court shall issue an *order sealing* the record of conviction *and other official records in the case, including the records of arrest whether or not the arrest resulted in a further criminal proceeding.*

"* * * * *

"(10)   Upon motion of any prosecutor or defendant in a case involving records sealed under this section, supported by affidavit showing good cause, the court with jurisdiction *may order the reopening* and disclosure *of any records sealed* under this section *for the limited purpose of assisting the investigation of the movant* [prosecutor]. However, such an order shall have no other effect on the orders setting aside the conviction or the arrest record." (Emphasis added.)

As can be seen, the statute requires that the conviction or record of arrest be "set aside" and that other official records be "sealed."

Because K. P. qualified for the relief that the statute provides, the trial court judge allowed the motion and requested that K. P.'s counsel prepare an order detailing the relief granted. K. P.'s counsel presented a proposed order to the court that provides in part:

> "The records of arrest and conviction, and all other official records in this case, including *police investigation reports*, shall be sealed." (Emphasis added.)

Before signing that order, the court deleted the word "including" and substituted in its place the word "excluding." Thus, as entered, the order excluded "police investigation reports" from being sealed.

On review, K. P. contends that the district court judge erred by excluding the police investigative reports concerning the underlying misdemeanor from the records to be sealed. K. P. relies on the words of the statute that require that the judge who enters the order "shall" issue an order sealing "other official records in the case." K. P. argues that the statute requires that police investigative reports related to the original crime of conviction must be sealed, because they are included within the scope of that statutory phrase. The substantive issue presented by this case is whether the legislature intended that police investigative reports related to the criminal case be included in the statutory phrase "other official records in the case." If those reports are included, ORS 137.225 requires that they be sealed.

█ However, a threshold procedural issue arises. That issue is whether the order setting aside the conviction and sealing records is appealable. To exist, the right of appeal must be conferred by a statute. *State v. Curran*, 291 Or 119, 122, 628 P2d 1198 (1981). Without such a statute, there is no jurisdiction to consider an attempted appeal. *McEwen et ux v. McEwen et al*, 203 Or 460, 470, 280 P2d 402 (1955). Unless jurisdiction on appeal is present, the court may not reach any substantive issues presented. *Ibid.* Thus, we start by reviewing the statutes that authorize various kinds of appeal. When one starts to analyze those statutes, another important question immediately arises: Is appeal in a proceeding to seal a record pursuant to ORS 137.225 covered by ORS chapter 138,

relating to appeals in criminal cases or, instead, by some provision in ORS chapter 19, relating to appeals generally? We sought guidance on that question by asking counsel for the state and for K. P. to answer this question:

"What statute authorized an appeal of the trial court's order to the Court of Appeals?"

■ Both parties answered that a subsection of ORS 19.010 confers appellate jurisdiction[1] in this case, but they pointed to different subsections of that statute. K. P. states that ORS 19.010(2)(c) creates a right of appeal in this case. The state agrees that appellate jurisdiction is conferred by ORS 19.010, but points to subsection (4).

Because this case is about the record in a previous criminal case, we first consider whether a motion to set aside a conviction under ORS 137.225 may be considered a request for relief in other than a criminal case, *i.e.*, in a civil matter as to which ORS chapter 19 governs.[2] To answer that question, we examine the function served by a proceeding to set aside a conviction and to seal related records.

Although sealing the records of an old misdemeanor may further a policy of rehabilitation or reformation for criminals, the proceeding to accomplish it is not in the nature of an action to punish a criminal violation, *i.e.*, it is not (in that sense) a criminal proceeding. As ORS 137.255(3) mandates, thereafter the person "shall be deemed not to have been previously convicted" or arrested, as the case may be.

■ Based on the rehabilitative function performed by the statutory proceeding, we hold that a motion to set aside the conviction or arrest and to seal records is not a criminal action. Thus, an appeal of the ruling on that motion made under ORS 137.225 is not governed by ORS chapter 138. We

---

[1] Parties cannot confer jurisdiction on an appellate court either by stipulation or by a concession. As this court stated in *McEwen et ux v. McEwen et al*, 203 Or 460, 470, 280 P2d 402 (1955), jurisdiction of the Supreme Court cannot be conferred by consent, agreement, or waiver of the litigating parties. *See also Twitchell v. Risley*, 56 Or 226, 228, 107 P 459 (1910) (appellate jurisdiction cannot be conferred by consent).

[2] Neither party relies on the appeal statutes for criminal cases found in ORS chapter 138, no doubt for good reason. No provision of that chapter appears to permit an appeal in this kind of proceeding.

therefore turn our attention to ORS chapter 19, governing civil appeals.

K. P.'s suggestion that this statutory proceeding is ancillary to the criminal judgment and, therefore, that ORS 19.010(2)(c) governs, is wide of the mark. This proceeding is unlike a writ of assistance or an execution by which a prior judgment is carried out with additional court assistance. Neither is this proceeding like a reinstatement of a sentence or imposition of one previously suspended. Indeed, an ORS 137.225 proceeding is the antithesis of the original criminal conviction, not an adjunct to it. For those reasons, we do not believe that ORS 19.010(2)(c) applies to make an order made pursuant to ORS 137.225 appealable.

On the other hand, we believe that the state's argument—that ORS 137.225 is a "special statutory proceeding" appealable under ORS 19.010(4)—is apt. Accordingly, we hold that a final order entered in a proceeding under ORS 137.225 is entered in a special statutory proceeding and that appeal of such an order is authorized by ORS 19.010(4).

■ We turn to the substantive issue in the case. That issue may be stated: Are police investigative reports included within the statutory phrase, "other official records in the case"?

ORS 137.225 requires that, on granting the motion to set aside records of arrest and conviction, the court shall order sealed those records and "other official records in the case." Thus, other records of an "official" character that are related to the conviction, or an arrest that did not result in a conviction, are to be sealed.

The trial court apparently relied on *State v. Smith*, 117 Or App 320, 843 P2d 1015 (1992), *rev den* 315 Or 644 (1993), when it chose to exclude official police investigative reports in the case from being sealed. Affirming the trial court, the Court of Appeals expressly relied on *Smith* without further reasoning when it affirmed that exclusion from the order sealing records. *State v. K. P.*, 133 Or App 256, 889 P2d 1370 (1995).

In *Smith*, decided in 1992, the Court of Appeals held in a split decision that police investigative reports were not

"other official records in the case." The *Smith* court first noted that there was no definition of "official records" in ORS 137.225. The absence of a definition was thought in *Smith* to equal an absence of legislative intent without further examination of the legislation.[3] The majority in *Smith* declared:

"[H]ad the legislature considered the issue, it would have limited the definition of 'official records' in ORS 137.225 to exclude investigation reports." 117 Or App at 325.

We have been provided no basis for agreeing with that exegesis. It is quite a stretch of logic to determine, from its absence, in what way a nonexistent definition would have "limited" the scope of the statute.

K. P. points out other difficulties with the *Smith* decision. She argues that the *Smith* approach is significantly different than the approach that this court takes to discern legislative intent and that the *Smith* result undermines the remedial and rehabilitative purposes of ORS 137.225, so that the statute's record-cleansing function is largely undone.

K. P. argues that the intent or purpose of the legislature was to allow a person to avoid the lifelong social stigmatization and impairment of employment opportunities that otherwise would result from a single criminal conviction, or an arrest that did not result in conviction, and that sealing police reports in the case would be wholly consistent with that intent and purpose of the legislature and that failing to seal them would fly in the face of that purpose.[4]

In analyzing a statute, this court starts with the text and context, *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993), and determines legislative

---

[3] At the time *Smith* was decided, this court had not yet spelled out the appropriate statutory interpretation methodology explained in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

[4] In *State v. Gwyther*, 57 Or App 34, 37, 643 P2d 1296 (1982), the Court of Appeals stated the purpose of ORS 137.225 as follows:

"The statute is intended to remove the stigma associated with conviction of a crime and to give the individual another chance, so to speak, unencumbered by that stigma. It thereby removes a cloud from the efforts of those persons to find employment and social acceptance and otherwise to bury the past." (Citations omitted.)

intent by what is contained within the statute, not by inserting what has been omitted nor by omitting what has been inserted. ORS 174.010; *State v. Trenary*, 316 Or 172, 175, 850 P2d 356 (1993). Most words used by the legislature are not defined in the statute that employs them. Under *PGE*, 317 Or at 611, we rely on the plain, natural, and ordinary meaning of the words that the legislature chose to use.

The words in the phrase have ordinary meanings that are relatively easy to determine. "Other" means other than those enumerated. "Official" means created by a public, governmental body. "Records" means a report of something that occurred that is memorialized or kept track of, whether by print or electronic means. "In the case" means that the occurrences or events referred to and recorded are, in legal contemplation, related to the same aggregate set of operative facts as those that gave rise to the arrest record or conviction that is to be set aside, and which are also to be sealed. Whether the investigative reports in question are "in the case" is an issue of fact in each case. However, in the present case, the trial court excluded all such investigative reports related to the arrest and conviction without making any distinction or findings.

We may not omit a part of the wording of the statute in our interpretation of it. ORS 174.010. Instead, we are to give effect to all that wording. *Id.* That wording requires that "other official records in the case" be sealed, not just records of conviction and records of arrest. Given that understanding of text, we also look at context before declaring legislative intent. *PGE*, 317 Or at 611.

K. P. argues, based on the context of subsection (3), that subsection (10), added in 1983, refers to a later or second "investigation" and assumes that records ordered to be sealed could be relevant to such an investigation. She points out that subsection (10) is part of the context of subsection (3) of the statute and that subsection (10) would be meaningless unless the records that are to be sealed, under the statute, include investigative reports prepared by the police as well as reports of actual arrests. She argues, in effect, that there is little point in having a provision for unsealing records that

will assist in a later investigation if those records are not required to be sealed in the first place.

Subsection (10) in part provides:

"Upon motion of any prosecutor or defendant in a case involving records sealed under this section, * * * the court * * * may order the reopening and disclosure of any records sealed under this section for the limited purpose of assisting the investigation of the movant."

Nothing in that subsection suggests a basis for any inference that records of an investigation were not intended to be sealed under ORS 137.225. Subsection (10) certainly is consistent with giving a literal interpretation to "other official records in the case."

■ K. P. also makes a contextual argument based on the sequence and content of amendments to ORS 137.225(3). Prior amendments of a statute are part of its context. *Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994). As originally enacted in 1971, the statute required both the setting aside and sealing of records of conviction. *State v. Langan*, 301 Or 1, 10, 718 P2d 719 (1986). "Other official records in the case" also were required to be *sealed*, and those other records included arrest records. Or Laws 1971, ch 434, § 2.

Subsection (3) was amended by Oregon Laws 1983, chapter 556, to include setting aside and sealing of records of arrest. The 1983 legislature expanded the statutes to require specifically the sealing of arrest records, even in cases where there was either no charge or no conviction following the arrest to be "set[ ] aside." Subsection (1) was amended by adding a new paragraph (b).[5] Chapter 556 also added the new subsection (10) referred to above.

---

[5] ORS 137.225(1)(b), enacted by Oregon Laws 1983, chapter 556, section 1, provides in part:

"At any time after the lapse of one year from the date of any arrest, if no accusatory instrument was filed, or at any time after an acquittal or a dismissal of the charge, the arrested person may apply to the court which would have jurisdiction over the crime for which the person was arrested, for entry of an order setting aside the record of such arrest."

The 1983 legislature retained the words "other official records in the case." Retention of that phrase, while adding the new subsection provisions about sealing records of arrest in cases not resulting in a conviction, indicates that the 1983 legislature intended for that retained language to include records that are other than the record of arrest in the case of conviction, or a record of arrest in a case where either no formal charge was filed or no conviction was obtained. The amendment history of the statute supports K. P.'s reading of the wording as including other official records as well as arrest records.

In its brief to the Court of Appeals, the state argued that the public records law, ORS chapter 192, is part of the context of ORS 137.225 and, because the public records law defines criminal law investigative reports as confidential records exempt from public disclosure, such reports cannot be "official" records. The state relies on ORS 192.501(3), which exempts from disclosure, unless the public interest requires it:

> "Investigatory information compiled for criminal law purposes."

That argument is not persuasive. We reject that argument, because an exemption from *disclosure* in the public records law found in ORS 192.501 simply says nothing about whether the legislature intended to prevent *sealing* an official record under ORS 137.225.

Moreover, ORS 192.501(3) confirms that police investigatory reports are official records. Were that not so, there would be no occasion to deal with such records as "*public*" records to be exempted from disclosure. ORS 192.501(3) provides a complementary exemption from disclosure of such investigatory information compiled for criminal law purposes in circumstances in which an order setting aside and sealing the record of arrest or conviction is not present.

The state makes other arguments that, if they were well taken, would in effect remove the words "other official records in the case" from the operative effects of ORS

137.225(3). Although innovative, those arguments are not well taken.[6]

The word "other" signifies something in addition to a record of conviction or a record of arrest. The trailing specific phrase "including the records of arrest" indicates that the "other official records" referred to are not records of arrest, although they may be similar to them. That phrase further designates one example of what are other official records and denotes that a conviction record is not necessary to make the provision for sealing other "official records" applicable.[7]

As stated above, we take the words "official records" to mean records created by a government agency. The police are an agency of government; police reports are "official records." However, as noted, the only official records mandated to be sealed are those "in the case" as to which a motion under ORS 137.225 has been filed and granted. A case-by-case, fact-specific inquiry must be undertaken where the issue arises that the records addressed are not records in the case, but no such issue is raised in this "case."

---

[6] The state argues that arrest records and police investigation reports are not of the "same general nature or class" and that the lack of a definition of records in ORS 137.225 means that an absurd result may only be avoided by reading the words "other official records in the case" as adding nothing to the statute. That is not an appropriate application of the doctrine of *ejusdem generis*, as this court has explained that doctrine:

"[W]hen the legislature chooses to state both a general standard and a list of specifics, the specifics do more than place their particular subjects beyond the dispute; they also refer the scope of the general standard to matters of the same kind, often phrased in Latin as '*ejusdem generis*.' " *Bellikka v. Green*, 306 Or 630, 636, 762 P2d 997 (1988).

Records "of the same kind" in the present statute are other official records, of which police investigation reports are an example, as ORS 192.501 demonstrates. We cannot conclude that an official record of an investigation that led to an arrest on a specific charge, and the record of that arrest on that charge are not "of the same kind."

[7] Another portion of the order in this case provided:

"Upon entry of this order, pursuant to ORS 137.225(3), the Defendant shall be deemed to have not been previously arrested on, or convicted of the charges described herein."

The value to movant of an order setting aside a record of arrest, and of deeming her not to have been arrested, is substantially diminished if the record of investigation, showing facts justifying an arrest, is still publicly available.

The district court erred when it created an exception not found in ORS 137.225. The portion of the district court's order that affirmatively excluded from sealing certain official records in the case, *i.e.*, police investigative reports in the case, constituted error depriving K. P. of the relief to which the statute entitles her.

The decision of the Court of Appeals is reversed. That part of the district court order excluding certain records in the case from the remaining provisions of the order is vacated, and this case is remanded to the district court for further proceedings.

**GRABER, J.,** concurring in part and dissenting in part.

This case presents two issues. The first is whether a trial court's order sealing certain records pursuant to ORS 137.225 is appealable. The majority answers that question "yes," on the basis of ORS 19.010(4), and I concur.

The second issue is whether police investigative reports that ultimately led to a prosecution are "other official records in the case" that are to be sealed under ORS 137.225(3). The majority answers that question "yes" also. As to this second holding, I respectfully dissent.

ORS 137.225 provides in part:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered *for entry of an order setting aside the conviction*; or

"(b)   At any time after the lapse of one year from the date of any arrest, if no accusatory instrument was filed, or at any time after an acquittal or a dismissal of the charge, the arrested person may apply to the court which would have jurisdiction over the crime for which the person was arrested, *for entry of an order setting aside the record of such arrest.* * * *

"* * * * *

"(3)   Upon hearing the motion, the court may require the filing of such affidavits and may require the filing of such affidavits and may require the taking of such proofs as it deems proper. Except as otherwise provided in subsection (11) of this section, if the court determines that the circumstances and behavior of the applicant from the date of conviction, or from the date of arrest as the case may be, to the date of the hearing on the motion warrant setting aside the conviction, or the arrest record as the case may be, it shall enter an appropriate order which shall state the original arrest charge and the conviction charge, if any and if different from the original, date of charge, submitting agency and disposition. * * * *Upon the entry of such an order, the applicant for purposes of the law shall be deemed not to have been previously convicted, or arrested as the case may be, and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest whether or not the arrest resulted in a further criminal proceeding.*

"(4)   The clerk of the court shall forward a certified copy of the order to such agencies as directed by the court. A certified copy must be sent to the Department of Corrections when the person has been in the custody of the Department of Corrections. Upon entry of such an order, *such conviction, arrest or other proceeding* shall be deemed not to have occurred, and the applicant may answer accordingly any questions relating to their occurrence.

"* * * * *

"(9)   For purposes of any civil action in which truth is an element of a claim for relief or affirmative defense, *the provisions of subsection (3) of this section providing that the conviction, arrest or other proceeding be deemed not to have occurred* shall not apply and a party may apply to the court for an order requiring disclosure of the official records in the case as may be necessary in the interest of justice." (Emphasis added.)

The text of ORS 137.225(3), when read in the context just quoted, suggests four things. First, the main relief provided by the statute is to permit the setting aside of a conviction or an arrest. The sealing of records is incidental.

Second, the purpose of the statute is to allow the applicant to answer truthfully that a "conviction, arrest or

other proceeding" has not occurred, ORS 137.225(4). That purpose is not all-encompassing, and it is not synonymous with allowing an applicant to "rewrite history" entirely by denying that the underlying events leading to that conviction, arrest, or other proceeding occurred. As this court wrote in *State v. Langan*, 301 Or 1, 4 n 3, 718 P2d 719 (1986):

> "The word 'expungement' is a misnomer and should not be used for an order under ORS 137.225(1)(a). That statute does not call for expunging anything from the record of conviction but for sealing the record. ORS 137.225(3). * * * An order under the statute is not designed to 'rewrite history' and deny the occurrence of an event but to limit the purposes for which official records may be used to exhume that past event."

Third, the use of the phrase "the record of conviction and other official records *in the case*" in ORS 137.225(3) (emphasis added) suggests that an official decision to make a case (that is, to arrest or to prosecute) has occurred. When police investigative records are generated, there is no "case" in that sense (and there may never be one as to some of the issues investigated).[1]

Fourth, subsections (4) and (9) refer to "conviction, arrest or other proceeding" as if that phrase had the same (or, at least, a parallel) meaning as the categories in subsection (3) of conviction, arrest, and "other official records in the case." That parallelism strengthens the likelihood that "other official records in the case" refers to "proceedings" of the same general character as a conviction or an arrest. A police investigation is not a "proceeding," and it is not of the same general character as a conviction or an arrest.

On the basis of the text and context, I read the disputed phrase in ORS 137.225(3) to refer to the record of any proceeding relating to or reflecting an official determination of the culpability of a person's conduct. Examples include the record of a motion for pretrial release, a motion to suppress

---

[1] I do not disagree with the majority when it concludes that police investigative records are "official records." 323 Or at 8, 10-11. That does not resolve the question of *which particular* kinds of "official records" are meant when ORS 137.225(3) refers to "the record of conviction and other official records *in the case*." (Emphasis added.)

evidence, a sentencing proceeding, a trial transcript or transcript of the taking of a plea, the record of an appeal to the Court of Appeals, and the record of a post-conviction proceeding. Police investigative records that preceded an arrest or prosecution do not fit that definition, however.

Assuming that the majority's contrary reading of the statute also is plausible, an inquiry into legislative history is called for. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). ORS 137.225 was enacted in 1971 as House Bill 1802. Or Laws 1971, ch 434. As originally enacted, the statute provided in part:

> "Upon the entry of such an order, the applicant for purposes of the law shall be deemed not to have been previously convicted and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest resulting in the criminal proceeding. Upon entry of such an order, such conviction, arrest or other proceeding shall be deemed not to have occurred, and the applicant may answer accordingly any questions relating to their occurrence." *Id.* at § 2.

All the features of the text and context discussed above in relation to the current statute were present in the original version—including the conscious parallelism between conviction, arrest, and other official records in the case (on the one hand) and conviction, arrest, or other proceeding (on the other hand).

The legislative history surrounding the enactment of the 1971 statute contains two messages. The first is that the legislature did not give a definitive answer to the present question.

The second message is that the public policy envisioned by the legislature was to allow an individual truthfully to tell an employer or credit bureau that the person has not been arrested or convicted. *See, e.g.*, Minutes, Senate Criminal Law and Procedure Committee, March 19, 1971, p 4 (Senator Carson stated that he "understood that the thrust of the bill is to aid those coming under its provisions in the matter of employment"); Minutes, House Committee on the Judiciary, March 24, 1971, p 1 (then-Circuit Court Judge Unis, a proponent of the bill in the form in which it passed, stated

that the statute would allow an individual "to say truthfully that he had not been arrested or convicted of a crime"). The specific stigma that the legislature sought to address was the stigma of conviction and arrest. The legislative purpose is fulfilled by my reading of the statute.

On the other side of the coin, there is no indication in the legislative history that the legislature was concerned with the employment or other effects of a police investigation. Nor is there a hint that the legislature sought to enable a person to answer truthfully that she had not been the subject of a police investigation.

To be sure, although my reading of the statute is more consistent with the legislative history, that history does not compel my answer. At the third level of analysis, this court seeks to determine how the legislature would have intended the statute to apply had it considered the particular issue at hand. *PGE*, 317 Or at 612. The court avoids, if possible, an unreasonable result. *State ex rel Kirsch v. Curnutt*, 317 Or 92, 97-98, 853 P2d 1312 (1993).

Applying those maxims, I am persuaded by the anomaly that results from the majority's view. Under the majority's reading, a person who is investigated by the police, as to whom a voluminous and incriminating report is prepared, has recourse only if the person later is arrested or convicted—but not otherwise. That anomaly gives a disadvantage to the person as to whom *no* official determination of culpability is made. I cannot believe that the legislature would have contemplated such a lop-sided and unfair result.

In summary, the text and context and (if one were to reach it) the legislative history of ORS 137.225(3) all show that the legislature provided for the sealing of records of arrest, conviction, and other proceedings related to or reflecting an official determination of the culpability of a person's conduct. Additionally, maxims of statutory construction point in the same direction.

For the foregoing reasons, I concur in part and dissent in part.