Argued and submitted May 9, decision of Court of Appeals reversed and case remanded to Court of Appeals for consideration August 16, 2001

STATE OF OREGON,
*Plaintiff,*

*v.*

WILLIAM THOMAS BRANSTETTER,
*Defendant.*

PIONEER HUMANE SOCIETY,
*Respondent on Review,*

*and*

STATE OF OREGON,
*Respondent on Review,*

*v.*

WILLIAM THOMAS BRANSTETTER,
*Petitioner on Review.*

(CC CR97-0077; CA A100029; SC S47567)

29 P3d 1121

Jay Edwards, Salem, argued the cause and filed the petition for petitioner on review.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent on review State of Oregon. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent on review Pioneer Humane Society.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

GILLETTE, J.

** Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case; De Muniz, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

Defendant seeks review of a Court of Appeals' decision dismissing, for lack of jurisdiction, his appeal from a trial court order that forfeited certain animals that he owned to an animal care agency. Although the trial court's forfeiture order was issued during, and had the same case number as, defendant's prosecution on charges of first-degree animal neglect, ORS 167.330, the forfeiture order was based on a different statute, ORS 167.347. That statute provides for forfeiture of animals that have been impounded pending final disposition of a criminal animal-neglect charge, and does not make the forfeiture contingent on the defendant being found guilty in the criminal case. The Court of Appeals concluded that the forfeiture proceeding and order were part of the criminal action against defendant and, therefore, could not be appealed, because that criminal action had ended in acquittal. *State v. Branstetter*, 166 Or App 286, 289-90, 1 P3d 451 (2000).[1] We hold that the forfeiture order arose out of a "special statutory proceeding" and, thus, was appealable under ORS 19.205(4), a statute that authorizes appeals from such proceedings. We therefore remand the case to the Court of Appeals for consideration of the remaining assignments of error.

In January 1997, the Umatilla County Sheriff's Department received a complaint that defendant's animals—11 horses and one donkey—were being neglected. A deputy investigated the complaint, found evidence of neglect, and applied for a warrant to impound the animals, as provided in ORS 167.345(2).[2] A search warrant issued and the animals were impounded and placed into the care of the Pioneer Humane Society ("the humane society").[3]

---

[1] *See* ORS 138.053(1) (providing for appeal from certain specified dispositions in criminal cases; acquittal not included).

[2] ORS 167.345(2) provides, in part:

"If there is probable cause to believe that any animal is being subjected to treatment in violation of ORS 167.315 to 167.340, a peace officer, after obtaining a search warrant in the manner authorized by law, may enter the premises where the animal is being held, provide food and water and impound such animal."

[3] ORS 167.345(3) provides:

Defendant was arrested and charged with 12 counts of first-degree animal neglect. ORS 167.330. His first trial on those charges ended in a mistrial. Before defendant was tried again, the humane society filed a petition in the criminal action, as authorized by ORS 167.347(1),[4] seeking forfeiture of defendant's animals. The state moved to become a co-petitioner in the forfeiture matter; that motion was granted over defendant's objection.

After a hearing respecting the forfeiture petition, ORS 167.347(2),[5] the court found that the petitioners had established probable cause to believe that the animals had been neglected in violation of ORS 167.330, and it ordered the animals forfeited unless defendant posted a $2,700 bond (which the court found to be the amount expended by the humane society in caring for the animals from the date of impoundment until the date of the order).[6] When defendant

---

"A court may order an animal impounded under subsection (2) of this section to be held at any animal care facility in the state. A facility receiving the animal shall provide adequate food and water and may provide veterinary care."

[4] ORS 167.347(1) provides:

"If any animal is impounded pursuant to ORS 167.345(2) and is being held by a county animal shelter or other animal care agency pending outcome of criminal action charging a violation of ORS 167.310 to 167.340, prior to final disposition of the criminal charge, the county or other animal care agency may file a petition in the criminal action requesting that the court issue an order forfeiting the animal to the county or other animal care agency prior to final disposition of the criminal charge. The petitioner shall serve a true copy of the petition upon the defendant and the district attorney."

[5] ORS 167.347(2) provides:

"Upon receipt of a petition pursuant to subsection (1) of this section, the court shall set a hearing on the petition. The hearing shall be conducted within 14 days of the filing of the petition, or as soon as practicable."

[6] That standard, and the bond requirement, are set out in ORS 167.347(3)(a), which provides:

"At a hearing conducted pursuant to subsection (2) of this section, the petitioner shall have the burden of establishing probable cause to believe that the animal was subjected to abuse, neglect or abandonment in violation of ORS 167.310 to 167.340. If the court finds that probable cause exists, the court shall order immediate forfeiture of the animal to the petitioner, unless the defendant, within 72 hours of the hearing, posts a security deposit or bond with the court clerk in an amount determined by the court to be sufficient to repay all reasonable costs incurred, and anticipated to be incurred, by the petitioner in caring for the animal from the date of initial impoundment to the date of trial."

failed to post the bond, the trial court entered an order of forfeiture. Thereafter, defendant was tried for the second time on the criminal animal-neglect charges. He was acquitted on all counts. The acquittals had no effect on the forfeiture order.

After his acquittal, defendant filed a timely notice of appeal from the forfeiture order, attempting to challenge it on various constitutional grounds. However, the state argued in its respondent's brief in the Court of Appeals that the forfeiture order was unappealable and, specifically, that the jurisdictional statute on which defendant relied, ORS 138.053(1), was inapplicable, because it does not provide for an appeal from an acquittal.

A majority of a panel of the Court of Appeals agreed with the state and dismissed the appeal. In doing so, the Court of Appeals also rejected an alternative theory of appellate jurisdiction, *viz.*, that the forfeiture order was appealable under ORS 19.205(4), because it arose out of a "special statutory proceeding."[7] After considering the case law surrounding ORS 19.205(4), the court concluded that, to qualify as a special statutory proceeding under that statute, a proceeding must be separate from any other proceeding. *Branstetter*, 166 Or App at 290. The court concluded that a forfeiture proceeding under ORS 167.347 could not fulfill the separateness requirement because, by the express wording of ORS 167.347, the petition that initiates a forfeiture proceeding must be filed "in the criminal action." *Id.* at 295.[8] We allowed defendant's petition for review.

Defendant contends that the Court of Appeals erred in determining that it was without jurisdiction to consider his appeal. Defendant acknowledges that the right to appeal is

---

[7] ORS 19.205(4) provides:

"An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

[8] *Judge Edmonds dissented. He would have held that the forfeiture proceeding provided at ORS 167.347 is a separate statutory proceeding and that the forfeiture order in this case is appealable under ORS 19.205(4). *Branstetter*, 166 Or App at 297-306 (Edmonds, J., dissenting).

purely statutory, *State v. K. P.*, 324 Or 1, 4, 921 P2d 380 (1996), but argues that the order at issue is appealable under one or both of the statutes that the Court of Appeals considered and dismissed as inapplicable.

■    Because the case was brought in the criminal proceeding, we first consider defendant's arguments with respect to ORS 138.053(1), which is a part of the criminal procedure code. That statutes provides:

> "This section establishes the judgments and orders that are subject to the appeal provisions and to the limitations on review under ORS 138.040 and 138.050. A judgment or order of a court, if the order is imposed after judgment, is subject to ORS 138.040 [which provides for appeal by a defendant] * * * if this disposition includes any of the following:
>
> "(a)   Imposes a sentence on conviction.
>
> "(b)   Suspends imposition or execution of any part of a sentence.
>
> "(c)   Extends a period of probation.
>
> "(d)   Imposes or modifies a condition of probation or of sentence suspension.
>
> "(e)   Imposes or executes a sentence upon revocation of probation or sentence suspension."[9]

The issue need not detain us long. As noted, the Court of Appeals concluded that ORS 138.053(1) does not authorize an appeal from an acquittal. It reasoned:

> "ORS 138.053(1) provides that a judgment or order in a criminal case is appealable only if it imposes a sentence *on conviction*, suspends imposition or execution of any part of a

---

[9] ORS 138.040 provides, in part:

"[T]he defendant may appeal to the Court of Appeals from a judgment or order described under ORS 138.053 * * *. The following apply upon such appeal or cross-appeal:

"(1)  The appellate court may review:

"(a)  Any decision of the court in an intermediate order or proceeding.

"(b)  Any disposition described under ORS 138.053 as to whether it:

"(A)  Exceeds the maximum allowable by law; or

"(B)  Is unconstitutionally cruel and unusual."

sentence, or makes a decision relating to probation. None of those events occurred here or could have occurred here. There can be no sentence, probation or other sanction after an acquittal."

*Branstetter*, 166 Or App at 289-90 (emphasis in original). We agree.

■ We turn to defendant's alternative theory—that the forfeiture order arose out of a "special statutory proceeding" and therefore is appealable under ORS 19.205(4). As noted, the Court of Appeals rejected that theory on the basis of case law that the Court of Appeals read to require that a special statutory proceeding cannot be a part of but, instead, must be separate from, any other proceeding. The Court of Appeals concluded that a forfeiture proceeding could not fulfill the separateness requirement, because the filing direction in ORS 167.347 expressly makes the proceeding part of another action.

In arguing the contrary view, defendant adopts the position articulated by the Court of Appeals' dissent—that it is erroneous to conclude that, simply because ORS 167.347 permits a petition for forfeiture be filed in such action, the forfeiture proceeding provided in that statute is part of that action. Defendant (and the Court of Appeals' dissent) suggest that the fact that the forfeiture proceeding is essentially civil in nature, the fact that neither the outcome of the forfeiture proceeding nor the outcome of the criminal action has any effect on the other proceeding, the fact that there are differing standards of proof required for forfeiture as opposed to conviction in the criminal action, and the fact that the parties are different in the forfeiture proceeding and the civil action, all point to a conclusion that the forfeiture proceeding is separate from the criminal action and is a special statutory proceeding for purposes of the appellate review statutes.

The parties agree that, for purposes of ORS 19.205(4), a "special statutory proceeding" must be "separate" from any other proceeding. In fact, this court's case law establishes that "separateness" in some sense is a necessary attribute of a special statutory proceeding. *See, e.g., State v.*

*Threet*, 294 Or 1, 5, 653 P2d 960 (1982) (illustrating requirement). The parties part company, however, over how separateness is to be assessed. The state appears to argue that *formal* separateness, *i.e.*, separate case names and numbers, is required. Consistent with that formalistic approach, the state suggests that the express authorization in ORS 167.347 that a forfeiture petition may be filed "in the criminal action" establishes the legislature's intent to create integrated, rather than separate, proceedings for all purposes. Defendant advocates for a more functional approach to the problem—one that looks at identity of issues and parties and at whether and how the proceeding at issue affects and is affected by the related proceeding.

We begin by noting that the state's approach is undermined significantly by the fact that, although ORS 167.347 *permits* a forfeiture proceeding to be filed before the outcome of the criminal case, it does not *require* such a filing. Furthermore, a separate statute, ORS 167.350, authorizes forfeiture "in addition to * * * any other sentence," when a defendant is found guilty of the underlying criminal act. We now turn to the cases that discuss and apply the requirement that special statutory proceedings be separate from every other proceeding. We begin with *Threet*, the case in which this court first articulated the separateness requirement.

The question in *Threet* was whether a circuit court order compelling witnesses to appear and testify before a grand jury was appealable under ORS 19.205(4)[10] as the product of a "special statutory proceeding." Based on the historical use of that term in the cases and statutes, this court held that "separateness" is a necessary attribute of a special statutory proceeding and suggested that a reason for that requirement is that it avoids disruption of other judicial proceedings. *Threet*, 294 Or at 5. Applying the principles that it derived from earlier cases, the *Threet* court concluded that proceedings to compel grand jury testimony under ORS 136.617-.619 were not special statutory proceedings. The

---

[10] The statute at the time of the *Threet* decision and several of the other decisions discussed in this opinion was numbered ORS 19.010(4), but was in all material respects the same as its present version. We refer to the present version of the statute throughout this opinion.

court specifically noted that such proceedings "only come into play when a witness refuses to testify or produce evidence on the ground of self-incrimination '[i]n any criminal proceeding before a court of record or in any proceeding before a grand jury.'" *Id.* at 7. The *Threet* court also noted that allowing appeals from such orders would disrupt and, at times, even abort grand jury proceedings. *Id.*

The majority below read *Threet* as dispositive with respect to the question whether ORS 19.205(4) applies to the forfeiture proceeding in the present case. We disagree. Although *Threet* repeatedly states that a special statutory proceeding must be "separate" and "distinct" from any other proceeding, it nowhere holds that the fact that a particular proceeding shares a case number with another proceeding necessarily removes that proceeding from the scope of ORS 19.205(4). In fact, the *Threet* opinion discusses separateness primarily in functional terms, *i.e.*, in terms of whether a proceeding "depends" on another for its existence and whether an appeal from one proceeding will disrupt the other proceeding.[11]

Neither is the actual holding in *Threet* inconsistent with defendant's position in the present case. In *Threet*, the proceeding to decide the motion to compel testimony arose out of, and purported to resolve, a potentially problematic event in the criminal or grand jury proceeding, *i.e.*, a witness's refusal to testify. There was a strong dependent relationship between the subject matter of the two proceedings and a strong logical reason for viewing them as inseparable for purposes of appeal.

By contrast, there is no necessary connection between the content of a forfeiture proceeding under ORS 167.347 and the criminal action in which, by statute, the forfeiture petition may be filed. Although a forfeiture proceeding under ORS 167.347 formally depends on a criminal action for its existence in that it can go forward only if a criminal action of a specified sort is pending, that kind of forfeiture proceeding does not arise out of the criminal action, resolve

---

[11] In that regard, see the *Threet* opinion's discussion of earlier "special statutory proceeding" cases. 294 Or at 5-6.

any controversy in the criminal action, or otherwise affect or depend on the substance of the criminal action. *Threet* does not control this case.

The same is true of the other major case that deals with the separateness requirement announced in *Threet*, *Garganese v. Dept. of Justice*, 318 Or 181, 864 P2d 364 (1993). *Garganese* involved the Oregon Unlawful Trade Practices Act, ORS 646.605 *et seq.* The court there considered whether a proceeding under ORS 646.618(2) to challenge an investigative demand issued by the Department of Justice (department) was a "special statutory proceeding" within the meaning of ORS 19.205(4). The department argued that the proceeding was not sufficiently "separate and distinct" to qualify as a special statutory proceeding, because it was only a constituent part of a trade practices enforcement action under a related statute, ORS 646.632.

In analyzing the problem, the court noted that the department may serve investigative demands on persons other than those whom they suspect of violating the Unlawful Trade Practice Act and that challenges by such persons under ORS 646.618(2) necessarily would be separate and distinct from an enforcement proceeding against a suspect under ORS 646.632. The court then stated:

> "Although the recipient of an investigative demand in many cases will be the target of the investigation, because proceedings under ORS 646.618(2) and 646.632 do not necessarily involve the same parties, that is not always the case under the statutory scheme. Because the existence of a proceeding under one of those statutes is not dependent on the existence of a proceeding under the other, we conclude that the two proceedings are separate and distinct."

*Id.* at 187. The court acknowledged that allowing rulings on investigative demands to be appealed might delay an enforcement action under ORS 646.632 when the prosecutor is using the demand to determine whether there is probable cause to proceed, but concluded that that fact does not preclude jurisdiction under ORS 19.205(4), because the appeal would not disrupt a judicial proceeding that actually was in progress. *Id.* at 187-88.

*Garganese* does not aid the state here. There was no question that the investigative and enforcement proceedings at issue in *Garganese could* be distinct. Instead, the issue was whether the investigative demand proceedings could be deemed to be "separate and distinct," when they generally had a strong functional connection to a larger enforcement action under ORS 646.632. However, the *Garganese* court concluded that the proceedings there were "separate and distinct," because there was no necessary substantive connection between them (they might, in fact, involve different parties). The court had no occasion to consider whether the result necessarily would be different when two proceedings were substantively unconnected, but nevertheless were linked by, for example, a common case number.

In fact, we have been able to identify only one case from this court that appears to deal with circumstances analogous to those presented in this case. In *State v. K. P.*, a petitioner who had served a probationary sentence after a conviction on a charge of second-degree theft sought an order from the court that had entered her conviction setting aside the conviction and sealing the records that related to it, as authorized by ORS 137.225. The trial court granted the requested relief, but expressly excluded police investigation reports from the list of records to be sealed. The petitioner appealed, arguing that the court was required to seal the police investigative reports along with the other records. *K. P.*, 324 Or at 3-4.

When the case reached this court, the court first considered a threshold procedural issue, *viz.*, whether the order setting aside the conviction and sealing the records was appealable. After considering and rejecting other possible statutory bases for appeal, the *K. P.* court concluded that the order was appealable under ORS 19.205(4). *Id.* at 6.

Although the *K. P.* opinion offered no explanation of its jurisdictional conclusion, that conclusion nonetheless is relevant to the present controversy, because of certain parallel factual circumstances. The petitioner in *K. P.* had filed her motion to set aside and seal records of her conviction under the same case name and numbers as the criminal action, and her motion was treated both by the trial court and

this court as an extension of that criminal action. Despite those facts, this court had no difficulty in concluding that the process for sealing the records was a "special statutory proceeding" and, presumably, that it was separate and distinct from the criminal action for purposes of ORS 19.205(4). *K. P.* thus indicates that the fact that a proceeding formally is part of another proceeding in the sense that it shares a common case number does not prevent such a proceeding from being "separate from any other proceeding" for purposes of ORS 19.205(4).

In the opinion below, the majority suggested that *K. P.* is distinguishable from the present case, because the *K. P.* court had concluded that the record-sealing proceeding in that case was a new proceeding and not part of the criminal proceeding. *Branstetter*, 166 Or App at 293. In the view of the Court of Appeals' majority, it would be impossible for a court to draw a similar conclusion with respect to the forfeiture proceeding at issue in this case, because the legislature expressly made the forfeiture proceeding part of a criminal action by requiring that the petition for forfeiture be filed in the criminal action.

The state as much as concedes that there is no evidence of a *specific* legislative intent to preclude appeals from forfeiture orders issued under ORS 167.347 by persons who are acquitted in the related criminal action. It even acknowledges that such an intent is unlikely, given that the legislature clearly has provided a right to appeal a forfeiture order to persons who are *convicted* in the criminal action.[12] We agree that when, as here, a person convicted of animal abuse nonetheless could appeal a resulting forfeiture, the suggestion that the legislature intentionally would withhold that same privilege from someone who was acquitted of the charges simply is not plausible. The state contends, nonetheless, that the legislature *did* intend to make the forfeiture proceeding part and parcel of the criminal action and that, as

_____

[12] When a defendant is convicted, forfeiture may be made a part of the sentence. ORS 167.350. As such, it could be appealed under ORS 138.040. The state acknowledges that, given that fact, one would expect a parallel right of appeal for defendants who are acquitted. The state suggests, however, that the legislature's failure to so provide was a drafting oversight, but one that this court has no authority to correct.

a necessary consequence of that choice, the forfeiture proceeding cannot be a special statutory proceeding for purposes of ORS 19.205(4).

At bottom, the state's argument rests entirely on the fact that ORS 167.347 provides that an animal care agency's petition to forfeit an animal that has been impounded pending a criminal action may be filed "in the criminal action." The state argues—as it must—that that phrase, by itself, establishes a legislative intent that the forfeiture proceeding be treated as part of the criminal action for all purposes.

The phrase does not stand by itself, however. The statutory context clearly demonstrates that the forfeiture proceedings and the criminal action are not of a piece. We note specifically that ORS 167.347(3) sets out a burden of proof (probable cause) that would be incongruous (if not unconstitutional) as the legal standard for finding against a defendant in a criminal action. The participation as parties by entities other than the state, such as county animal shelters and other animal care agencies, is equally incompatible with the criminal proceedings. We think that it is clear from the wording of ORS 167.347 and its statutory context that the legislature did not consciously intend that a forfeiture proceeding under ORS 167.347 be deemed to be "part" of the criminal action. We conclude, as the court did in *K. P.*, that, despite a shared case name and number, the proceeding at issue is sufficiently separate and distinct from the criminal action to which it relates to qualify as a special statutory proceeding for purposes of ORS 19.205(4).

The opinion in the Court of Appeals raises one additional issue that we address. In a footnote, the Court of Appeals majority suggested that allowing forfeiture orders to be appealed as special statutory proceedings was undesirable, because it could deprive trial courts of jurisdiction to try the criminal cases in which the forfeiture proceeding occurs:

> "If defendant were entitled under ORS 19.205(4) to appeal from the order that forfeited his interest in the animals, he would file his notice of appeal in his criminal case, as he did here, because that is the only case in which it could be filed. If he had done that before his second trial on the animal neglect charges, the filing of the notice would have deprived

the trial court of jurisdiction to conduct that trial. *See, e.g.*, ORS 19.270(1); ORS 138.083; *Macy v. Blatchford*, 154 Or App 313, 324, 961 P2d 873, *rev allowed* 328 Or 194 (1998)."

*Branstetter*, 166 Or App at 295 n 5.

■ We disagree with that assessment. ORS 19.270(1), the first statute cited by the Court of Appeals, provides that "[t]he Supreme Court or the Court of Appeals has jurisdiction of the *cause* when the notice of appeal has been served and filed." (Emphasis added.) The "cause" is not always the entire case. *See State ex rel Gattman v. Abraham*, 302 Or 301, 311, 729 P2d 560 (1986) ("cause" was chosen by legislature because "it has a broad meaning and may include a case or proceeding or any part thereof depending upon the circumstances"). As the court there stated:

> "ORS 19.033(1) [now ORS 19.270(1)] means that the appellate court has jurisdiction of the issue or matter on appeal, be it a case, action at law, suit in equity, cause of action, cause of suit, proceeding, or claim for relief. The purpose of the statute is to give the appellate court jurisdiction of the issue or subject matter of the appeal to the exclusion of the lower court except as provided in the statute. It was not the intention to oust the trial court of jurisdiction of those parts of the litigation which are not directly involved in the appeal."

*Id.* at 310-11 (citations and footnotes omitted).

Consonant with *Gattman*, we hold that, in an appeal from a final disposition in the particular kind of forfeiture proceeding that occurs pursuant to ORS 167.347, the "cause" being appealed is the special statutory proceeding. The criminal prosecution is not implicated in that appeal, and the appeal does not deprive the trial court of jurisdiction to proceed to trial on the criminal matter.[13]

The decision of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for consideration of the remaining assignments of error.

---

[13] We recognize that, despite its conclusion that it lacked jurisdiction to decide the merits of defendant's appeal, the Court of Appeals' majority "respond[ed] briefly" to defendant's arguments on the merits. *Branstetter*, 166 Or App at 296. But those observations were *dicta*; whether the Court of Appeals will adopt them or take some other view is a matter for that court to decide.