On respondent's motion to dismiss filed October 18, 2005, motion to dismiss denied; challenge to the authority of Office of Public Defense Services to represent defendant in this appeal sustained June 7, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## THERESA SHANK,
*Appellant.*

CM0520537; A129167

136 P3d 101

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Assistant Attorney General, for motion.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Schuman, Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Defendant appeals from a limited judgment requiring her to contribute to the costs of her appointed counsel. The state moves to dismiss defendant's appeal, arguing that the costs imposed pursuant to ORS 151.487 are civil in nature and that ORS 19.205(4) bars an appeal from such a judgment because the judgment is for an amount less than $250. In the alternative, if the motion to dismiss the appeal is denied, the state challenges the authority of the Office of Public Defense Services (Public Defender) to represent defendant in this appeal because it is an appeal from a civil judgment. We deny the motion to dismiss and sustain the state's objection to the Public Defender representing defendant in this appeal.

Defendant was indicted for various criminal offenses. Defendant applied for appointed counsel. The trial court approved defendant's request but, pursuant to ORS 151.487,[1] entered a limited judgment requiring defendant to contribute $127 toward the costs of her appointed counsel. A deputy state public defender filed a notice of appeal from that limited judgment on defendant's behalf. While this appeal was pending, the trial court dismissed the criminal charges against defendant.

■ We first address whether this limited judgment is civil or criminal in nature.[2] The term "limited judgment" is specifically defined by ORS 18.005(13).[3] Generally, ORS

---

[1] ORS 151.487(1) provides, in part:

"If in determining that a person is financially eligible for appointed counsel * * *, the court finds that the person has financial resources that enable the person to pay in full or in part the administrative costs of determining the eligibility of the person and the costs of the legal and other services to be provided at state expense that are related to the provision of appointed counsel, the court shall order the person to pay * * * the amount that it finds the person is able to pay * * *."

[2] Although ORS 151.487 makes no mention of a limited judgment, by order dated July 23, 2004, then-Chief Justice Wallace P. Carson, Jr., adopted Chief Justice Order 04-031. That order allows the amount a defendant is required to contribute to the costs of appointed counsel to be entered as a limited or supplemental judgment.

[3] ORS 18.005(13) provides:

" 'Limited judgment' means:

chapter 18 applies to civil proceedings.[4] ORS 19.205(1) provides that a party may appeal from a limited judgment "as provided in this chapter." ORS 138.020, on the other hand, provides that a defendant may "appeal from a judgment in a criminal action in the cases prescribed in ORS 138.010 to 138.310, *and not otherwise.*" (Emphasis added.) ORS 138.053 describes the types of judgments in criminal actions that are appealable, and a limited judgment that requires a defendant to contribute to the costs of her appointed counsel does not fall within any of those descriptions. Thus, if the limited judgment at issue here is a judgment "in a criminal action," it is not appealable because ORS chapter 138 provides the sole means for appealing judgments in criminal actions.

The fact that the judgment was entered in conjunction with a criminal case, however, is not dispositive. A number of cases establish that, despite their connections to criminal cases, certain judgments and orders nonetheless may be appealable under the provisions of ORS 19.205.[5] For example, in *State v. Arms*, 60 Or App 400, 653 P2d 1004 (1982), *rev den*, 294 Or 461 (1983), we held that a defendant who had been acquitted in a criminal action could appeal an order, entered pursuant to ORS 135.055 (1981), *amended by* Or Laws 1985, ch 502, § 19, that she pay the cost of her appointed counsel. In that case, we relied on *former* ORS

"(a) A judgment entered under ORCP 67 B or 67 G;

"(b) A judgment entered before the conclusion of an action in a circuit court for the partition of real property, defining the rights of the parties to the action and directing sale or partition;

"(c) An interlocutory judgment foreclosing an interest in real property; and

"(d) A judgment rendered before entry of a general judgment in an action that disposes of at least one but fewer than all requests for relief in the action and that is rendered pursuant to a legal authority that specifically authorizes that disposition by limited judgment."

[4] On its face, ORS chapter 18 also applies to criminal cases. For instance, see ORS 18.055 (16), which defines a request for relief to include a count in a criminal case. However, ORS 18.038(2)(b) provides that the requirement to label a judgment as a general, limited, or supplemental judgment does not apply to criminal cases.

[5] That statute formerly was numbered ORS 19.010 (1995), *renumbered as* ORS 19.205 (1997), and much of the relevant case law refers to that number. For the sake of simplicity, we refer to the statute and its subsections by their current numbers when discussing earlier cases if the relevant statutory language remains unchanged.

19.010(2)(c), which permitted appeal of a "final order affecting a substantial right, and made in a proceeding after judgment or decree." Although a similar provision is now found in ORS 19.205(3) (permitting appeals from orders entered "after a general judgment is entered and that affect[ ] a substantial right"), that provision does not apply here, as this limited judgment was not entered after a general judgment.

ORS 19.205(5), however, also permits appeals from a number of types of orders and judgments entered in conjunction with criminal actions. That statute provides:

> "An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment or order entered in an action, unless appeal is expressly prohibited by the law authorizing the special statutory proceeding."

In *State v. Branstetter*, 332 Or 389, 29 P3d 1121 (2001), the question was whether an order forfeiting animals that had been impounded pending disposition of criminal animal neglect charges against the defendant was appealable. There, the defendant had been acquitted, and we had held that the forfeiture order was not appealable because it was an order in a criminal action but was not one of the appealable orders described in ORS 138.053. *State v. Branstetter*, 166 Or App 286, 290, 1 P3d 451 (2000). The Supreme Court reversed, holding that the forfeiture order was an order in a special statutory proceeding. 332 Or at 396. That the forfeiture was brought in conjunction with the criminal case was not dispositive. In *Branstetter*, the court explained that whether a proceeding is a special statutory proceeding does not depend on whether it proceeds separately from a criminal case in the formal sense, but it does need to have a functional separateness from the criminal case. *Id.* at 396-97 (citing *State v. Threet*, 294 Or 1, 5, 653 P2d 960 (1982)). In *Threet*, the necessary separation did not exist, because allowing a challenge on appeal concerning whether testimony should be compelled in the criminal case would necessarily interfere with the conduct of the criminal trial. *Id.*

By contrast, in *State v. K. P.*, 324 Or 1, 6, 921 P2d 380 (1996), a criminal defendant successfully completed probation and moved to seal records pertaining to her conviction, and then sought to appeal the trial court's partial denial of her motion. The court held that the order was appealable under what is now ORS 19.205(5). Although the court did not elaborate on that conclusion in *K. P.*, the *Branstetter* court explained that ORS 19.205(5) properly applied in *K. P.* because, although the motion was filed in the criminal action and was treated as an extension of the criminal action, it was sufficiently "separate and distinct" from the criminal action to qualify as a "special statutory proceeding." *Branstetter*, 332 Or at 401.

We conclude that the limited judgment at issue here is sufficiently separate and distinct from the criminal action to qualify as a judgment in a special statutory proceeding for several reasons, and thus the limited judgment is appealable. First, the order was entered pursuant to ORS 151.487. That statute, while it often pertains to orders made in conjunction with criminal cases, may also be invoked in any case in which a person has a "constitutional or statutory right to counsel." ORS 151.485(1). Second, not all criminal cases will involve orders under ORS 151.487. Thus, all orders under that statute are not *necessarily* a part of a criminal case. Finally, although orders under ORS 151.487 pertain to an indisputably important aspect of a criminal case—assistance of counsel—the orders have no effect whatsoever on whether counsel will be appointed. *See* ORS 151.487(2) (failure to obey order is not grounds for withdrawal of attorney). That is, counsel's actual representation of a defendant at a criminal trial would not be affected by any dispute over an order entered pursuant to ORS 151.487, and a criminal action would not be interrupted if the order were appealed during the course of the criminal action. *Cf. Branstetter*, 332 Or at 403 (concluding that appeal from forfeiture order would not deprive trial court of jurisdiction to proceed with criminal trial).

Next, we turn to the state's argument that ORS 19.205(4) precludes this appeal. That statute provides:

"No appeal to the Court of Appeals shall be taken or allowed *in any action for the recovery of money or damages*

> *only unless it appears from the pleadings that the amount in controversy exceeds $250."*

(Emphasis added.) The state asserts that, because the limited judgment is for only $127, it is not appealable. We disagree.

ORS 19.205(4) applies only to an "action for the recovery of money or damages[.]" Although there are potential monetary consequences, as in this case, of a defendant's application for appointed counsel, the application is not an "action" as contemplated by ORS 19.205(4). When a defendant completes an application for appointment of counsel, that defendant is not seeking to recover money or damages, but simply is seeking appointed counsel. Moreover, ORS 19.205(4) requires that it must "appear[ ] from the pleadings" that more than $250 is at stake. A defendant's application for appointment of counsel does not fit within the definition of any of the forms of pleadings typically allowed in civil actions. *See, e.g.*, ORCP 13 B (stating types of complaints and answers that may be considered pleadings and providing that "[t]here shall be no other pleading unless the court orders otherwise"). We conclude that the statutory prohibition on certain appeals contained in ORS 19.205(4) does not apply to this appeal. We therefore deny the state's motion to dismiss the appeal.

We turn to the state's remaining argument, that the Office of Public Defense Services is not authorized to represent defendant in this appeal if it is not an appeal from a judgment in a criminal action. That argument is well taken. ORS 138.500(1) sets out the circumstances in which a criminal defendant may request appointed counsel on appeal:

> "If a defendant *in a criminal action* or a petitioner in a proceeding [for post-conviction relief] wishes to appeal from an *appealable adverse final order or judgment* of a circuit court and if the person is without funds to employ suitable counsel * * * the person may request the circuit court from which the appeal is or would be taken to appoint counsel to represent the person on appeal."

(Emphasis added.) Our discussion of the appealability issue above dictates the answer here. As noted, if the limited judgment at issue in this case were a judgment in a criminal

action, it would not be an appealable one given the limitations found in ORS 138.020 and ORS 138.053. We concluded that the judgment in question is appealable because it is *not* a judgment in a criminal action, but a judgment in a "special statutory proceeding." ORS 138.500(1), however, allows for appointment of counsel from an appealable adverse judgment "in a criminal action." Such judgments, as noted above, are appealable only under ORS chapter 138. Because the judgment being appealed is not appealable under ORS chapter 138, ORS 138.500(1) does not authorize the appointment of counsel.

As a result, the Public Defender has no authority to represent defendant in this case due to defendant's ineligibility for appointed counsel, and the Public Defender is relieved of the responsibility of representing defendant in this appeal. Unless defendant chooses to retain counsel, defendant will hereafter proceed *pro se*.

Motion to dismiss denied; challenge to the authority of the Office of Public Defense Services to represent defendant in this appeal sustained.