Submitted February 6, affirmed June 14, 2017

## CITY OF LEBANON,
*Plaintiff-Appellant,*

*v.*

## SILVIA LEE MILBURN,
*Defendant-Respondent.*

Linn County Circuit Court
14CR05367; A160517

398 P3d 486

John E. Kennedy and The Morley Thomas Law Firm filed the briefs for appellant.

Geordie Duckler filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

**DeVORE, J.**

The City of Lebanon appeals from an order of the circuit court directing the city to return defendant's dog Sam after defendant was acquitted of second-degree animal abuse. *See* ORS 133.653(2) (providing for appeal of an order to return things seized). The acquittal occurred in a second trial on the charge. In a prior trial, defendant had been convicted of the charge in the Lebanon Municipal Court. Premised on that conviction, the municipal court ordered Sam forfeited. Defendant appealed the judgment of conviction to the circuit court, the case was tried anew, and, ultimately, defendant was acquitted.[1] After defendant's acquittal, the circuit court ordered the return of defendant's dog. The city challenges the order, arguing that the circuit court erred because ORS 167.350 authorized forfeiture and because the municipal court denied defendant's request to stay execution of the sentence pending retrial in the circuit court. For the reasons that follow, we conclude that the circuit court did not err in ordering Sam's return. We affirm.

The city charged defendant in the Lebanon Municipal Court with second-degree animal abuse, ORS 167.315 (defining the offense as intentionally, knowingly, or recklessly causing physical injury to an animal). The Lebanon Police Department seized Sam and placed him in the custody of Linn County Animal Control pending the criminal proceedings. A jury convicted defendant of the offense. As part of defendant's sentence, the municipal court ordered Sam forfeited to Linn County Animal Control for adoption pursuant to ORS 167.350.[2] That same day, defendant filed a notice of appeal to the circuit court along with a motion in

---

[1] *See City of Milton-Freewater v. Ashley*, 214 Or App 526, 166 P3d 587 (2007) (recognizing that municipal courts have concurrent jurisdiction with justice courts under ORS 221.339(2) and that appeals from municipal courts not of record proceed as appeals from justice courts to the circuit court under ORS 157.010).

[2] In relevant part, ORS 167.350 provides:

"(1) In addition to and not in lieu of any other sentence it may impose, a court may require a defendant convicted under ORS 167.315 to 167.333, 167.340, 167.355 or 167.365 to forfeit any rights of the defendant in the animal subjected to the violation, and to repay the reasonable costs incurred by any person or agency prior to judgment in caring for each animal subjected to the violation."

the municipal court to stay execution of the sentence pending appeal. The municipal court denied the request for a stay. The city took no action to delay the dog's adoption. As a result, Sam was transferred to an adoption organization, and a third party adopted Sam.

After the case was tried anew and defendant was acquitted, defendant filed a motion for Sam's return. Relying on ORS 133.633, defendant argued, among other things, that the city was required to return her dog because Sam was property that was no longer needed for evidentiary purposes and because defendant was lawfully entitled to possess him.[3] The city objected to the motion, arguing, among other things, that ORS 167.350 authorized forfeiture and that the municipal court had denied defendant's motion to stay the sentence. The circuit court ordered the city to return defendant's dog.

On appeal in this court, the parties renew their arguments. The gist of the city's argument is that the forfeiture aspect of the municipal court's sentence is irreversible, despite defendant's acquittal in the circuit court. Defendant disagrees. We review for legal error because the arguments raise issues about the applicability and meaning of ORS 167.350 and ORS 133.633.[4] *See State v. Wixom*, 275 Or App 824, 828, 366 P3d 353 (2015), *rev den*, 359 Or 166 (2016) (questions of law reviewed for legal error).

This case centers on two statutes: ORS 167.350 and ORS 133.633. The former, ORS 167.350, permits a court to order an animal forfeited as part of sentencing for conviction on a charge of animal abuse. Insofar as it goes, we agree

---

[3] In relevant part, ORS 133.633 provides:

"(1) Within 90 days after actual notice of any seizure, or at such later date as the court in its discretion may allow:

"(a) An individual from whose person, property or premises things have been seized may move the appropriate court to return things seized to the person or premises from which they were seized.

"(b) Any other person asserting a claim to rightful possession of the things seized may move the appropriate court to restore the things seized to the movant."

*See also* ORS 133.643 (providing grounds for such a motion).

[4] The parties raise several jurisdictional arguments, which we reject without discussion.

with the city that ORS 167.350 authorized the municipal court to order forfeiture of a defendant's animal as part of a sentence upon conviction of second-degree animal abuse. On the other hand, ORS 133.633 allows an "individual from whose person, property or premises things have been seized" to "move the appropriate court to return things seized to the person or premises from which they were seized." To succeed on a claim under that statute, a person must establish that the item is no longer needed for evidentiary purposes and that the person can lawfully possess the item sought to be recovered. ORS 133.643(3) - (4); *Filipetti v. Dept. of Fish and Wildlife*, 224 Or App 122, 132, 197 P3d 535 (2008).

The issue on appeal turns on whether the circuit court erred in ordering the city to return defendant's property upon acquittal after the municipal court had ordered the property forfeited under ORS 167.350 as part of defendant's sentence. A court is permitted to order forfeiture, but it is contingent upon a court having determined that defendant is guilty of the offense charged. ORS 167.350(1). Necessarily, we have recognized that "[t]here can be no sentence, probation or other sanction after an acquittal." *State v. Branstetter*, 166 Or App 286, 289-90, 296, 1 P3d 451 (2000), *rev'd on other grounds*, 332 Or 389, 29 P3d 1121 (2001).[5] We have characterized a forfeiture that is part of sentencing under ORS 167.350 as a punitive forfeiture. *Id.* at 296-97; *see also State v. Branstetter*, 181 Or App 57, 68, 45 P3d 137, *rev den*, 334 Or 632 (2002) (Armstrong, J., concurring) ("[ORS 167.350] is unquestionably punitive, and it requires a conviction before it can become effective."). In this case, although the forfeiture was authorized under ORS 167.350 as part of the sentence in municipal court, defendant cannot continue to be subject to a punitive sanction after she has been acquitted. An acquittal is an acquittal. That outcome necessarily implicates the forfeiture that is part of the judgment in municipal court. *See Harvey Alum. v. School District No. 9*, 248 Or 167, 172, 433 P2d 247 (1967) ("It has been repeatedly held that the reversal of a lower court decree nullifies the decree and leaves the case standing as if no decree had been entered[,]" and therefore, "action taken in reliance

---

[5] The Oregon Supreme Court has agreed with that statement. *Branstetter*, 332 Or at 396.

upon a lower court decree ordinarily is at the risk that it will be reversed on appeal."); *see also Nelson v. Colorado*, 581 US ___, 137 S Ct 1249, 1256 n 10, 197 L Ed 2d 611 (2017) (noting that "reversal [of a conviction] is reversal, regardless of the reason, and an invalid conviction is no conviction at all" (internal quotation marks and citation omitted)). Because defendant was acquitted in the circuit court, property taken from her as a result of the municipal court judgment must be returned.

The city has not provided any persuasive support for its contention that the legislature intended ORS 167.350 to operate in a way that makes an order of forfeiture irreversible in these circumstances. If that were so, the city's interpretation of ORS 167.350 would raise constitutional concerns, and, of course, we would construe a statute to avoid constitutional concerns. *Bernstein Bros. v. Dept. of Rev.*, 294 Or 614, 621, 661 P2d 537 (1983).

To illustrate such concerns, we note a recent case before the United States Supreme Court is instructive. In *Nelson*, a judgment of conviction on criminal charges required defendants to pay costs, fees, and restitution. 581 US at ___, 137 S Ct at 1253. After an appeal, the defendants overcame all charges, sooner or later. With the convictions invalidated, they sought return of the funds. The Colorado Supreme Court held, under state law, that they were not entitled to the return of the funds.

The United States Supreme Court reversed, holding that the Colorado law did not comport with due process. That was because Colorado law allowed for a continuing deprivation of property after a conviction had been reversed or vacated, and there was no prospect of another prosecution. 581 US at ___, 137 S Ct at 1255-56. The state could not continue to retain the property taken from the defendants because "once those convictions were erased, the presumption of their innocence was restored." 581 US at ___, 137 S Ct at 1255. The Court rejected the state's argument that "it can keep the amounts exacted so long as it prevailed in the court of first instance," declaring that it "'make[s] no difference that the *reviewing* court, rather than the trial court, determined the evidence to be insufficient.'" 581 US at ___,

137 S Ct at 1256 (quoting *Burks v. United States*, 437 US 1, 11, 98 S Ct 2141, 57 L Ed 2d 1 (1978) (emphasis in *Burks*)).

As in *Nelson*, defendant's judgment of conviction in this case was reversed after a new trial. As a consequence, the sentence in municipal court no longer has any effect. Defendant cannot continue to be punished.[6] Although the municipal court denied defendant's request for a stay, that denial did not somehow insulate the forfeiture from the appeal of the judgment of conviction. The city knew that defendant had appealed, seeking a new trial. The city should have known that the premise for the forfeiture was in question. The city took no steps to delay an adoption pending the new trial. Thus, the city chose the risk that the forfeiture might be overturned, as it was. There is now no suggestion that the dog is needed for evidentiary purposes, nor any dispute that defendant can lawfully possess him. For those reasons, we affirm the order directing the city to return Sam to defendant.

Affirmed.

---

[6] This circumstance—a forfeiture that is part of a sentence for a judgment of conviction—should be distinguished from a predisposition forfeiture, which rests on other grounds, as provided in ORS 167.347 (permitting impounded animals to be forfeited prior to final disposition under some circumstances). *See Branstetter*, 181 Or App at 62, 63 n 2.